19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny PACE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6136.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Johnny Pace, pro se, appeals a district court order denying his motion to vacate his sentence, filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his motion, Pace stated that he was found guilty of bank robbery in 1983 and was sentenced to 25 years in prison. The only ground he presented in support of his Sec. 2255 motion is that he was convicted in federal court in violation of the "protection against double jeopardy." In his motion, Pace explained that he was convicted of bank robbery in Henry County and in Stewart County, Tennessee, for robbery of the same financial institutions on which his federal conviction was based. The district court found that there was no violation of the Double Jeopardy Clause because dual prosecutions are permitted under the Dual Sovereignty Doctrine. On appeal, Pace argues that he has a "right to credit" for the prison time he has served from his 18 U.S.C. Secs. 3553(a) and 3584.
 
 
 3
 To prevail under Sec. 2255, a defendant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). State and federal prosecutions for the same offense do not violate the Double Jeopardy Clause. United States v. Wheeler, 435 U.S. 313, 329-30 (1978). Likewise, the government's Petite policy against dual prosecutions is not constitutionally mandated and cannot be enforced against the government. Petite v. United States, 361 U.S. 529, 530-31 (1960) (per curiam); United States v. Renfro, 620 F.2d 569, 573 n. 2 (6th Cir.), cert. denied, 449 U.S. 902 (1980). Thus, Pace's argument lacks merit.
 
 
 4
 On appeal, Pace raises arguments based on 18 U.S.C. Secs. 3553(A) and 3584 that were not first raised in the district court. Thus, these issues need not be addressed for the first time, on appeal. Foster v. Barilow, 6 F.3d 405, 407 (1993).
 
 
 5
 Accordingly, the district court's order denying Pace's motion to vacate is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.