23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Stanley STEMPLESKI, Plaintiff-Appellant,
v.
UNITED STATES of America; Secretary of Health and Human
Services, Louis Sullivan, and others to be
discovered and named, Defendants-Appellees.
 No. 93-2239.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley Stempleski, a pro se Michigan resident, appeals a district court judgment affirming the Secretary's decision directing him to repay the government an overpayment in benefits of $1,575. Stempleski has moved for the appointment of counsel on appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 29, 1989, the Secretary found that Stempleski was entitled to disability insurance benefits as of June 15, 1987. In a letter dated April 16, 1990, Stempleski was advised that he had received $1,575 in excess benefits. He was informed that the overpayment was a result of his incarceration from March 1988 through May 1988 due to a felony conviction.
 
 
 3
 After his request for reconsideration was denied, Stempleski sought a hearing before an administrative law judge (ALJ). At the administrative hearing, Stempleski testified that he had a college degree and had been employed as a seventh grade teacher. He admitted to having been incarcerated from March 1988 through May 1988, but claimed that he was unaware that he would not receive benefits during his incarceration.
 
 
 4
 On May 28, 1991, the ALJ found that Stempleski was not entitled to benefits for the months of March 1988 through May 1988. The ALJ further found that Stempleski was overpaid $1,575, was not without fault in the acceptance of the overpayment, and was not entitled to a waiver of the overpayment. Upon review, the Appeals Council affirmed the ALJ's decision.
 
 
 5
 Stempleski then sought judicial review of the Secretary's decision contending that the overpayment was not his fault. He also requested monetary and injunctive relief claiming that the Secretary had invaded his privacy and had subjected him to harassment. The Secretary moved for summary judgment. Stempleski did not file a response to the Secretary's motion. Subsequently, the district court granted summary judgment for the Secretary. Stempleski then filed a motion to set aside the judgment and for reconsideration which the district court also denied.
 
 
 6
 In a timely appeal, Stempleski contends that the district court misconstrued his complaint as an appeal from the Secretary's decision. Stempleski asserts that he actually filed a civil rights complaint against the United States and the Secretary pursuant to 42 U.S.C. Sec. 1983.
 
 
 7
 Initially, it is noted that for the first time on appeal, Stempleski argues that he was not appealing the Secretary's decision concerning his overpayment. Rather, he contends that his case was in fact a civil rights complaint against the United States and the Secretary filed pursuant to 42 U.S.C. Sec. 1983. A review of the complaint shows that the district court's jurisdiction was clearly based on 42 U.S.C. Sec. 405(g), which provides for judicial review of the Secretary's final decision in social security disability cases. Although Stempleski requested monetary and injunctive relief from the United States and the Secretary because he felt his privacy had been invaded, nowhere in his complaint does Stempleski contend that his suit was a civil rights action filed pursuant to Sec. 1983. Furthermore, because the Secretary is a federal, rather than a state official, any civil rights action against the Secretary would have to be brought under the doctrine of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). Finally, because Stempleski did not respond to the Secretary's motion for summary judgment, he did not satisfy his burden of presenting evidence opposing the Secretary's properly supported motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Given that Stempleski's complaint clearly shows that he was appealing the Secretary's decision, Stempleski is attempting to raise an issue that was not presented for the first time in the district court. Therefore, the issue is not reviewable. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The evidence shows that Stempleski was not without fault in the receipt of his overpayment. Stempleski was informed of his reporting responsibilities and failed to inform the Secretary of his incarceration from March 1988 through May 1988. Therefore, the recovery of the overpayment may not be waived. Watson v. Sullivan, 940 F.2d 168, 171 (6th Cir.1991) (per curiam); see also 20 C.F.R. Sec. 404.506. For these reasons and for those reasons set out in the excellent and exhaustive opinion rendered by District Judge Richard A. Easlen, we deny the motion for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.