41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Tivis JOHNSON, Petitioner-Appellant,
v.
John P. MAYER, Clerk of the Court, Eastern District of
Michigan; Sandra Kelly, Court Reporter's Office,
Respondents-Appellees.
 No. 94-1658.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Junior Tivis Johnson, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of mandamus. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Requesting mandamus relief, Johnson sued the Clerk of the Eastern District of Michigan and a court reporter seeking a transcript of a hearing conducted on April 11, 1991, in his federal criminal proceeding. The transcript was to be used in Johnson's motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The defendants moved for summary judgment which Johnson opposed. Johnson also moved for the district judge to recuse herself as she was a "defendant" in a related case. The district court denied the motion for recusal and granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Johnson argues that the district court erred in denying his motion for recusal and in granting summary judgment for the defendants.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Initially, we note that Johnson's recusal argument is not reviewable on appeal. In the district court, Johnson requested the district judge to recuse herself because she was a named defendant in an appeal pending in this court. However, on appeal, Johnson abandons this argument and, for the first time, argues that the district judge should have recused herself because she could become a potential witness concerning Johnson's plea negotiations. In addition, Johnson argues that the district judge improperly entered into his plea negotiations. As these arguments were not raised in the district court, they are not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Upon review, we conclude that the defendants are entitled to judgment as a matter of law. It is apparent from Johnson's brief that he does not understand that the proceedings of April 11, 1993, were held off the record. Because the proceedings were not on the record, there are simply no stenographic notes available to create a transcript. Thus, the defendants cannot fulfill Johnson's request.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.