50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael BROWN, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Defendant-Appellee.
 No. 94-1746.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: LIVELY, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Michael Brown moves for the appointment of counsel on appeal from a district court grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brown filed his complaint in the district court alleging that he was deprived of due process in prison disciplinary proceedings which resulted in a sentence of three days top lock and the loss of unspecified good time credits. Plaintiff named the defendant Director of the Michigan Department of Corrections in an unspecified capacity and sought injunctive relief and an unspecified amount of money damages. Defendant moved to dismiss the complaint, and the district court ordered plaintiff to respond in opposition. Plaintiff did not respond in opposition but filed a motion for leave to amend his complaint.
 
 
 3
 Plaintiff's motion to amend his complaint was denied, and the magistrate judge treated defendant's motion to dismiss as a motion for summary judgment and recommended that the motion be granted. Plaintiff filed objections, and the district court adopted the magistrate judge's recommendation and dismissed the complaint. Upon consideration, we deny the motion for counsel, and affirm the district court's judgment in part and vacate the judgment in part.
 
 
 4
 First, the district court improperly applied Parratt v. Taylor, 451 U.S. 527 (1981), to the facts of this case. Parratt applies only to random and unauthorized acts by state officials. See Zinermon v. Burch, 494 U.S. 113, 136-37 (1990). The deprivation of plaintiff's liberty in the form of his three-day sentence to top lock and loss of good time credits cannot be considered a random and unauthorized act. An otherwise lawful act is not rendered random and unauthorized for purposes of Parratt merely because the process afforded by state law was not followed. See Zinermon, 494 U.S. at 138 & n. 20; Watts v. Burkhart, 854 F.2d 839, 842-44 (6th Cir.1988); Franklin v. Aycock, 795 F.2d 1253, 1259-60 (6th Cir.1986). Moreover, the Supreme Court has implicitly recognized a prisoner's inherent liberty interest in not being placed in disciplinary segregation without due process. See Hewitt v. Helms, 459 U.S. 460, 468 (1983); Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Here, plaintiff contends that he was deprived of due process despite established state procedures.
 
 
 5
 Plaintiff's due process claims regarding his disciplinary conviction cannot be deemed meritless on the state of the current record. Essentially, plaintiff claimed that he had no notice of the prison "out of place" rule, that he was falsely accused of being inside a prison building without a required pass, that a hearing investigator falsely reported that plaintiff admitted being "out of place," that a prisoner witness he requested could have testified that plaintiff was not inside the building, and that the finder of fact merely relied upon the written charge in finding him guilty. Further, plaintiff sought to sue defendant in his individual and official capacities and to name other defendant prison officials involved his disciplinary case in those capacities as well. Plaintiff's motion for leave to file his amended complaint was denied on the basis of the district court's conclusion that the amendment would be futile based upon its erroneous Parratt analysis. However, a genuine issue of material fact remains with respect to these claims.
 
 
 6
 Plaintiff's allegation that he did not have constitutionally required fair notice of prohibited conduct is cognizable under Sec. 1983 and is not refuted in the record. See Williams v. Nix, 1 F.3d 712, 716 (8th Cir.1993). Similarly, plaintiff's claim that he was refused a prisoner witness who could have testified that plaintiff was not inside the prison building as reported by the accusing officer is unrefuted. See Wolff, 418 U.S. at 566-67. The record also does not reflect the reason this witness was not called. See Ponte v. Real, 471 U.S. 491, 497 (1985). Further, the record contains no indication that an appropriate investigation of the disciplinary citation was conducted. See Turney v. Scroggy, 831 F.2d 135, 141 (6th Cir.1987) (Jones, J., dissenting in part). Finally, the record contains nothing which refutes plaintiff's claim that his conviction is not supported by constitutionally adequate evidence. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). While the magistrate judge relied upon language contained in the Ingham Circuit Court's opinion in this matter to the effect that the accusing officer testified at the hearing, plaintiff disputed this in his objections and in his brief on appeal. In short, plaintiff alleged claims cognizable under Sec. 1983. The record does not contain documents relating to the prison disciplinary proceedings. While plaintiff's claims ultimately may prove meritless, they simply cannot be rejected at this juncture.
 
 
 7
 However, we affirm the judgment with respect to plaintiff's equal protection claim because the magistrate judge's recommendation that this claim be rejected was not addressed by plaintiff in his objections and has been waived. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Further, no factual basis for this claim exists. Plaintiff has not alleged that the defendant intentionally discriminated against him on the basis of his membership in a protected class. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990). Finally, plaintiff's claim that costs were improperly imposed against him in the Ingham Circuit Court will not be addressed on appeal in the first instance because the claim was not asserted in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, the motion for the appointment of counsel is denied, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.