103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Alexander BROWN, Plaintiff-Appellant,
v.
Kenneth McGINNIS; John Prelesnik; T. Wolven; Ruo
Degaynor; P. Rach, Defendants-Appellees.
 No. 96-1213.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Michael Brown, a Michigan prisoner proceeding pro se, appeals a district court's grant of summary judgment for defendant McGinnis in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brown filed his complaint in the district court alleging that he was deprived of due process in prison disciplinary proceedings which resulted in a sentence of three days top lock and the loss of 50 points of his good time credits. Brown named Kenneth McGinnis, the Director of the Michigan Department of Corrections (MDOC), in an unspecified capacity and sought injunctive relief and an unspecified amount of money damages. McGinnis moved to dismiss the complaint, and the district court ordered Brown to respond in opposition. Brown did not respond in opposition but filed a motion for leave to amend his complaint to add as defendants, the warden at the time of the alleged incidents (Prelesnik), a MDOC hearing officer (Wolven), a resident unit officer at Brown's facility (DeGaynor), and a MDOC hearings investigator at Brown's facility (Rach).
 
 
 3
 The defendant's motion to dismiss and Brown's motion to amend his complaint were referred to a magistrate judge. The magistrate judge considered Brown's motion to amend in conjunction with her report on the defendant's motion to dismiss. Brown's motion to amend his complaint was denied, and the magistrate judge treated the defendant's motion to dismiss as a motion for summary judgment and recommended that the motion be granted. Brown filed objections, and the district court adopted the magistrate judge's recommendation and dismissed the complaint.
 
 
 4
 Brown appealed, and this court affirmed in part and vacated and remanded in part. See Brown v. McGinnis, No. 94-1746, 1995 WL 111515 (6th Cir. Mar. 15, 1995) (unpublished). We affirmed the grant of summary judgment for the defendant on Brown's equal protection claim and vacated the grant of summary judgment for the defendant on Brown's due process claim. The due process claim was remanded.
 
 
 5
 On remand, the defendant filed a second motion for summary judgment, and Brown filed a cross-motion for summary judgment. The matter was again referred to a magistrate judge who issued a report recommending that the defendant's motion be granted. Brown filed objections, and the district court adopted the magistrate judge's recommendation and dismissed the complaint. This timely appeal followed.
 
 
 6
 Initially, we note that defendant McGinnis is the only defendant that is a party to this appeal. Brown's motion to amend to include additional parties who were involved in his misconduct hearing was denied by the district court, and Brown does not challenge the denial of his motion to amend on appeal.
 
 
 7
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Brown had a liberty interest in not being convicted of the disciplinary violation. A prisoner does not normally have a liberty interest in remaining free of disciplinary segregation. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). However, a prisoner can establish a liberty interest in not being subject to a disciplinary conviction by demonstrating that the conviction imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 2300. In this case, the disciplinary board's punishment included Brown's loss of 50 points of his good time credits.
 
 
 8
 Even if it is assumed that the defendant's revocation of Brown's good time credits gives rise to a liberty interest, the defendant complied with due process in sentencing Brown to disciplinary segregation and revoking his credits. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Further, the record reflects that some evidence was presented in support of the disciplinary board's decision. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 9
 Brown's claim that the misconduct ticket and the contents of the hearing investigation report were malicious fabrications, and, therefore, a violation of his substantive due process rights, is without merit. A prisoner has no constitutionally protected immunity from being falsely accused. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). Brown's claim that the defendant falsified the misconduct report is not actionable in the absence of retaliation. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Brown did not allege that his misconduct ticket was issued in retaliation for any specific conduct. Finally, Brown's remaining claims on appeal are without merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.