51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric ROBERTSON; Scott R. Law; Secret Sound Studio, Inc.,
Plaintiffs-Appellants,
v.
AVC SYSTEMS, INC., et al., Defendants,
Rich Metzger, Defendant-Appellee.
 No. 94-3509.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: KEITH, MARTIN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs-appellants, a business and two residents of Ohio, appeal a district court judgment dismissing their complaint (which was based on diversity of citizenship and which alleged fraud) for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs sued AVC Systems, Inc. (AVC), a corporation in Minnesota which has since been dissolved, and Metzger, a former employee of AVC who sold audio equipment for that company. Metzger was never an officer, director or manager of AVC. This lawsuit stems from the plaintiffs' telephone purchase of audio equipment from AVC which had its place of business in Minnesota. While in Ohio, Robertson telephoned AVC in Minnesota and spoke with Metzger about purchasing audio equipment from AVC. In their complaint, plaintiffs allege that Metzger, as AVC's employee, fraudulently induced them to purchase defective audio equipment. The district court dismissed the case against defendant Metzger because the court lacked personal jurisdiction over this defendant. The district court determined that sufficient minimum contacts did not exist between Metzger and the state of Ohio to satisfy Ohio's long-arm statute and the due process clause of the Fourteenth Amendment of the United States Constitution, so as to subject Metzger to Ohio jurisdiction. The case against defendant AVC was voluntarily dismissed without prejudice.
 
 
 3
 On appeal, plaintiffs continue to argue the merits of their claim against Metzger. They also argue that the district court abused its discretion when it permitted Metzger to take the deposition of plaintiff Robertson, yet denied their request to take the deposition of defendant Metzger. In their reply brief, the plaintiffs argue that the transcribed deposition of Robertson was never a part of the district court record and, therefore, should not be considered by this court.
 
 
 4
 Initially, we note that the transcribed deposition of plaintiff Robertson has been considered as evidence on appeal because it was part of the district court record. See Fed.R.Civ.P. 32(a)(4).
 
 
 5
 This court reviews the district court's conclusions of law regarding personal jurisdiction de novo and the court's findings of fact for clear error. See Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 678 (1st Cir.1992). The district court properly dismissed the case pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Metzger's contacts with the state of Ohio did not meet the "minimum contacts" test set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Metzger did not have the sufficient "minimum contacts" with Ohio to satisfy due process, and he also did not meet any of the specified conditions found in Ohio's long-arm statute set forth in Ohio Rev.Code Sec. 2307.38.2. See Columbus Show Case Co. v. CEE Contracting, Inc., 599 N.E.2d 881, 883 (Ohio App.1992). The district court did not have personal jurisdiction over Metzger because personal jurisdiction over a corporate entity without more does not confer jurisdiction over individual officers and employees of that company. See Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir.1974); Griswold Insulation Co. v. Lula Cotton Processing Co., 540 F.Supp. 1334, 1336 (M.D.Tenn.1982).
 
 
 6
 Lastly, we note that the plaintiffs argue the district court erred by dismissing their case before they were able to take the deposition of defendant Metzger. Plaintiffs raise the issue of discovery (specifically, taking the deposition of Metzger) for the first time on appeal and, as a result, this court will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Nonetheless, the record reveals that the district court did not abuse its discretion in dismissing the case before the plaintiffs had an opportunity to depose defendant Metzger. See Elvis Presley Enters., Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir.1991); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir.1991).
 
 
 7
 Accordingly, we affirm the district court's judgment.