59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charles L. MOORE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY; Drew, Mazzanti, Haddock,
Law Firm; Ollie Meeks; Shirley Chater, Defendants-Appellees.
 No. 94-6613.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Charles L. Moore, a pro se Tennessee resident, appeals a district court judgment dismissing his civil complaint filed pursuant to multiple amendments to the United States Constitution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Moore sued multiple state and federal agencies and officials contesting that the Social Security Administration and the Department of Veterans Affairs improperly granted benefits to a child that he had not fathered. Moore contends that an Arkansas state court improperly found that Miracle Meeks was his daughter in a paternity action brought by Miracle's mother, Ollie Meeks. Moore asserts that the Arkansas court's paternity decision was based on deceit and deception. As a result, Moore argues that the Departments of Health and Human Services and Veterans Affairs should not be providing funds to Miracle. The district court dismissed the case for want of jurisdiction. In his timely appeal, Moore raises a plethora of issues.
 
 
 4
 This court conducts a de novo review of a district court's judgment dismissing a case for want of jurisdiction. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir. 1990).
 
 
 5
 Upon review, we conclude that the district court properly dismissed Moore's complaint for want of jurisdiction. As for Moore's objections concerning the award of veteran's benefits to Miracle, the Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. Sec. 511(a). An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals. 38 U.S.C. Sec. 7104(a). The Board's decision may be appealed to the Court of Veterans Appeals, 38 U.S.C. Sec. 7252(a), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. Secs. 7252(c), 7292. Thus, the district court simply did not have subject matter jurisdiction to entertain Moore's dispute with the Department of Veterans Affairs. Larrabee v. Derwinski, 968 F.2d 1497, 1499-1501 (2d Cir. 1992).
 
 
 6
 Moore objects to the award of social security benefits to Miracle by the Department of Health and Human Services. However, Moore was not a party to Miracle's application for benefits. Therefore, he had no standing to appeal the award of benefits. 20 C.F.R. Sec. 404.967. For the first time on appeal, Moore contends that the Department of Health and Human Services has retaliated against him claiming that he now owes the Department money for an overpayment of funds. As the overpayment issue was not presented to the district court, it is not reviewable on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 7
 Moore also challenges the paternity decision from the Arkansas state court. However, the district court does not have jurisdiction to review the state court's decision. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).
 
 
 8
 Finally, Moore is also claiming that he has been harmed as a taxpayer because an unauthorized person is receiving government funds. However, Moore lacks standing to challenge Miracle's award of benefits under this argument. Colorado Taxpayers Union, Inc. v. Romer, 963 F.2d 1394, 1397 (10th Cir. 1992), cert. denied, 113 S. Ct. 1360 (1993).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation