76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Guy ERDMAN, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant,
Jo Maystead, Defendant-Appellee.
 No. 95-1388.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 1
 Before: MARTIN and RYAN, Circuit Judges; and KATZ, District Judge.*
 
 ORDER
 
 2
 Dennis Guy Erdman, a Michigan state prisoner, moves for counsel on appeal from a district court's order granting summary judgment in favor of the defendant in this civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In an amended complaint, Erdman sued an employee of the Michigan Department of Corrections alleging that the defendant refused to provide him with free paper, writing utensils, and other supplies needed for post-conviction relief in the state courts in violation of his First and Fourteenth Amendment rights. Erdman sought declaratory, injunctive, and monetary relief against the defendant in her individual and official capacities.
 
 
 4
 Defendant Maystead filed a motion to dismiss or, in the alternative, a motion for summary judgment. The district court granted summary judgment in an order filed March 23, 1995.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Indigent inmates must be provided with certain materials in order to have adequate access to the courts. Id. at 824-25. However, absent a systemic and utter denial of access to legal resources and counseling, a prisoner will have to show some kind of prejudice to pending litigation in order to state a claim for denial of access to the courts. See Blaise v. Fenn, 48 F.3d 337, 340 (8th Cir.1995); White v. White, 886 F.2d 721, 723-24 (4th Cir.1989); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 7
 Here, Erdman claimed that the defendant denied him his constitutional right of access to the courts by failing to provide him with free supplies necessary to file complaints, briefs, and responses. The defendant argued that Erdman was denied the free supplies because Erdman was not indigent at the time he made the request.
 
 
 8
 Prison policy PD-05.03.115 provides in pertinent part that "[p]risoners who are indigent shall be provided with writing paper, writing implements, and carbon paper, free of charge, to assist in legal research and to prepare lawsuits." Proof of indigence is established if an inmate's name and number appear on the indigence list which is prepared monthly by the classification director. The record demonstrates that at the time Erdman requested the free supplies, his name was not on the indigence list. Although Erdman alleged that he was indigent, he did not offer any evidence that he was improperly omitted from the list because he met the standards for indigence, or that these standards are in violation of his constitutional rights.
 
 
 9
 Because at the time Erdman requested free supplies he was not an indigent pursuant to prison policy, Erdman was not entitled to free supplies. See Bounds, 430 U.S. at 824-25. Therefore, the district court properly granted summary judgment for the defendant on this claim.
 
 
 10
 Additionally, Erdman did not provide any probative evidence that he was prejudiced by the defendant's refusal to give him free supplies. As the district court correctly points out, Erdman's vigorous prosecution of his three federal lawsuits suggests that his access to the courts has not been impeded. Furthermore, his complaint, amended complaint, response to the defendant's motion for summary judgment, and brief on appeal contain only conclusory allegations of harm which are insufficient to state a claim under § 1983. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988).
 
 
 11
 Finally, Erdman's retaliation and Eighth Amendment claims are not reviewable as they were not first raised in the district court and no exceptional circumstances warrant addressing them now. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 12
 Accordingly, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation