79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Diane Marie COLE, Plaintiff-Appellant,
v.
Mark MATTHEWS; Jim Fracks; Lindsay Stewart; Gentry E.
McCauley, Bourbon County Prosecuting Attorney;
Jim Hinkle, Defendants-Appellees.
 No. 95-5159.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Diane Marie Cole, a Kentucky resident, appeals pro se the dismissal of her complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief and the dismissal of a criminal citation against her, Cole filed this action against a police officer, a clerk at the Bourbon County Detention Center, a prosecuting attorney, and two state court judges. The complaint alleged that Cole had been arrested for trespassing at the Detention Center, that she was not read her Miranda rights, that various time deadlines were not complied with in her prosecution, and that the prosecutor's office had offered her an "illegal deal." A magistrate judge recommended that the complaint be dismissed. The district court adopted this recommendation over Cole's objections. On appeal, Cole has embellished her claim by alleging that she was at the Detention Center to assist her incarcerated husband with some legal work, and that her arrest violated his right of access to the courts.
 
 
 3
 Upon review, we conclude that this complaint was properly dismissed, as Cole could prove no set of facts which would entitle her to relief. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994). To the extent Cole seeks monetary damages, her complaints regarding her arrest and prosecution are simply not cognizable under 42 U.S.C. § 1983 until such time as she can demonstrate that the criminal proceedings terminated in her favor or were reversed. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Her claim for injunctive relief is only cognizable under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).
 
 
 4
 This court declines to address the issue of access to the courts raised in the appellate brief, as it was not presented to the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 5
 The district court's order dismissing this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.