**David FOSTER and Catherine Foster, Plaintiffs–Appellants,**

v.

**Sigmund BARILOW and Margaret Barilow, Defendants–Appellees.**

No. 92–4034.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 10, 1993.

Decided Oct. 1, 1993.

Sheldon Stein, Avery S. Friedman (argued and briefed), Friedman & Associates, Cleveland, OH, for plaintiffs-appellants.

Donald C. Price, R. Jack Clapp (argued and briefed), R. Jack Clapp & Associates, Cleveland, OH, for defendants-appellees.

Before: BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*

BOGGS, Circuit Judge.

Plaintiffs David and Catherine Foster appeal the district court's decision to grant attorney's fees to the prevailing defendants, Sigmund and Margaret Barilow, in an action arising under the Fair Housing Act, 42 U.S.C. § 3617 (1988). On appeal, the Fosters contend for the first time that the district court erred when it awarded attorney's fees to the defendants without first finding that their claim was frivolous, groundless, or unreasonable. Because we find no applicable exception to the general rule that issues not raised in the district court are waived on appeal, we affirm the award of attorney's fees to the defendants.

I

David and Catherine Foster sued their landlord and his wife, Sigmund and Margaret Barilow, alleging, among other civil rights claims, housing discrimination under the Fair Housing Act, 42 U.S.C. § 3617.[1] The Barilows moved for summary judgment on all counts, which the district court granted. On the Fosters' motion for reconsideration, the court reversed the order for summary judgment on the Fair Housing Act claim. The case proceeded to trial on this issue.

On May 14, 1992, after a four-day trial, the district court granted a directed verdict for Margaret Barilow, and the jury returned a verdict in favor of Sigmund Barilow. On

---

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. 42 U.S.C. § 3617 provides:
   It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the Fair Housing Act]. The Fosters alleged that Sigmund Barilow threatened them and engaged in other hostile acts because the Fosters, who are white, adopted two black children.

June 2, 1992, the Barilows moved for attorney's fees and expenses pursuant to 42 U.S.C. § 3613(c)(2).[2] On June 24, 1992, the Barilows requested an extension of time until July 6, 1992 so that they might submit additional papers in support of their motion for attorney's fees. The court granted the Barilows' request, and also extended the time for the Fosters to reply to the Barilows' motion until July 20, 1992. The Barilows timely submitted the additional papers.

The Fosters' deadline, however, came and went without a response from them. The district court examined the Barilows' application *sua sponte*, and on August 31, 1992, awarded the Barilows $22,513.65 in attorney's fees and costs. The Fosters never contested in any way in the district court the issue of the propriety of granting attorney's fees. Instead, they filed this timely appeal.

## II

The Fosters' sole contention on appeal is that, under the Fair Housing Act Amendments, 42 U.S.C. § 3613(c)(2), and judicial decisions such as *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), prevailing defendants should not be awarded attorney's fees unless the district court finds that a plaintiff's case is frivolous, groundless, or unreasonable. The Barilows primarily contend that the issue is not properly before us since the Fosters failed to raise this issue in the district court.

### A

■ In general, "[i]ssues not presented to the district court but raised for the first time on appeal are not properly before the court." *J.C. Wyckoff & Associates, Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991). We have, on occasion, deviated from the general rule in " 'exceptional cases or particular circumstances' or when the rule would produce 'a plain miscarriage of justice.' " *Pinney Dock and Transport Co. v.*

*Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir.), *cert. denied*, 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988) (citation omitted) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557, 558, 61 S.Ct. 719, 721, 722, 85 L.Ed. 1037 (1941)). *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

The exceptions to the general rule are narrow. For example, we stated in *Pinney Dock* that we may reach an issue if it "is presented with sufficient clarity and completeness" for the court to resolve the issue. *Pinney Dock*, 838 F.2d at 1461. The *Pinney Dock* exception is most commonly applied where the issue is one of law, and further development of the record is unnecessary. *See, e.g., In re Allied Supermarkets, Inc.*, 951 F.2d 718 (6th Cir.1991). The rationale for this exception is to promote finality in the litigation process. *Pinney Dock*, 838 F.2d at 1461.

The Fosters' case does not fall within the *Pinney Dock* exception. First, the issue was not developed with "sufficient clarity and completeness" in the district court, because the Fosters failed to respond in any way to the Barilows' motion for attorney's fees. Second, even if the issue of the frivolousness of the Fosters' suit were purely one of law, further development of the record would be necessary. Although the Fosters contend in their appellate brief that "[n]othing in the record shows that the [Fair Housing claim] was pursued for any reason other than good faith," this claim is only slender support for their case. The absence of any indication of bad faith in a record in which that issue was never contested is qualitatively different from an affirmative finding of good faith in a record in which the issue was fully aired.

This is particularly true in a case like the Fosters'. The Barilows based their application for attorney's fees primarily on the bare language of 42 U.S.C. § 3613(c)(2), namely, that they were the "prevailing party" entitled to reasonable attorney's fees. When the Fosters failed to respond to the Barilows' motion by raising the issue of good faith

---

**2.** 42 U.S.C. § 3613(c)(2) provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee and costs."

prosecution of the suit, the Barilows had no reason to buttress their motion. Consequently, the absence of any indication of bad faith in the record is hardly surprising.

Finally, a finding in favor of the Fosters would not serve the *Pinney Dock* policy of preventing further litigation: a ruling in favor of the Fosters would require further litigation in the district court on the frivolousness issue. Since the Fosters' appeal does not fit within the *Pinney Dock* exception, we do not reach the issue of the propriety of awarding attorney's fees on this record, and we do not express any opinion as to whether the Fosters' claim was frivolous, groundless, or unreasonable.

**B**

This court is not compelled to hear, nor should it hear, an issue not presented to the district court unless reaching that issue serves an over-arching purpose beyond that of arriving at the correct result in an individual case. *See Turner v. Bowen,* 830 F.2d 1003, 1008 (9th Cir.1987), *cert. denied,* 488 U.S. 818, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). Such an over-arching purpose may exist where the state of the law is uncertain. *Roosevelt v. E.I. DuPont de Nemours & Co.,* 958 F.2d 416, 419 n. 5 (D.C.Cir.1992).

The Fosters contend that this is such a case. They argue that the district court believes that the language of the Fair Housing amendments should create an equal risk of liability for attorney's fees whether the defendant or plaintiff is the party that loses a fair housing suit. The Fosters suggest that this "equal risk" policy has a chilling effect on private plaintiffs who are, in reality, the primary enforcers of the Fair Housing Act. *See Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 211, 93 S.Ct. 364, 367, 34

L.Ed.2d 415 (1972); *Price v. Pelka,* 690 F.2d 98, 101 (6th Cir.1982).

The Fosters' argument appears to bring their appeal within the rubric of the "overarching purpose" exception. The thrust of the Fosters' arguments is that, since we have never construed the meaning of "prevailing party" in the Fair Housing Act, the state of the law is uncertain and should be settled here and now. While recognizing the importance of the interpretation of the fee-shifting provisions in the Fair Housing Act, we do not think that there is much uncertainty in the state of the law on this issue.

When Congress amended the Fair Housing Act in 1988, it adopted language that parallels the attorney's fee provisions in the 1964 Civil Rights Act[3] and in 42 U.S.C. § 1988.[4] Both of these provisions have been interpreted as allowing defendants to recover attorney's fees only if the plaintiff's case is "frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment,* 434 U.S. at 422, 98 S.Ct. at 701 (interpreting the fee-shifting provision in 42 U.S.C. § 2000e–5(k)); *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (interpreting the fee-shifting provision in 42 U.S.C. § 1988). Moreover, Congress has defined the key term, "prevailing party," as having "the same meaning as such term has in [42 U.S.C. § 1988]." 42 U.S.C. § 3602(*o*).

These facts incline us to believe that the state of the law on the issue of attorney's fees in Fair Housing cases is reasonably certain. Although we have not had an opportunity to address this issue, we believe that the result is sufficiently foreshadowed by Congress's directive coupled with the United States Supreme Court's decision in *Hughes v. Rowe, supra.*[5] Consequently, the Fosters' case is not within the exception discussed above.

---

**3.** The 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(k), provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs ..."

**4.** 42 U.S.C. § 1988(b) was amended in 1976 to read: "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

**5.** The issue of the propriety of awarding attorney's fees to a prevailing defendant can also be addressed in *Brooks v. Center Park Assoc.,* No. 92–4037, appeal filed Sept. 30, 1992, now pending in this court. The *Brooks* case, decided by the same district court judge as in the instant case, raises the same issue but does not have the procedural problems involved in the Fosters' case.

The Fosters have presented no compelling reason for us to consider their argument in the face of their waiver of the issue in the district court. In the absence of such a reason, we will adhere to the general rule that an issue not raised before the district court is not properly before us. *Fed. Deposit Ins. Co. v. Binion,* 953 F.2d 1013, 1018 (6th Cir.1991). By doing so, we acknowledge one of the policies underlying the general rule, namely the increased ease "accorded appellate review by having the district court first consider the issue." *Hicks v. Gates Rubber Co.,* 928 F.2d 966, 970 (10th Cir.1991). In this case, all the participants would have been better served had this issue received a full airing in the district court.

### III

For the foregoing reasons, we **AFFIRM** the district court's award of attorney's fees.

JOINER, Senior District Judge, dissenting.

I part company with the majority opinion on a narrow but crucial point. The majority opinion is premised on the idea that because the issue was not presented to the trial court, this court should not review the claim of error. I wholeheartedly agree with this general rule. The problem I have is with its application in this case.

In *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the Supreme Court stated, "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case *upon a finding* that the plaintiff's action was *frivolous, unreasonable, or without foundation,* even though not brought in subjective bad faith." (Emphasis added.) There was no such finding in this case. In my opinion, this alone requires that the award be vacated.

Moreover, since a finding is required, it follows that a prevailing defendant seeking attorney fees bears the burden of proving that the action was frivolous, unreasonable or without foundation. The burden is not on the plaintiff to prove a negative. The act of making a claim for attorney fees under 42 U.S.C. § 3613(c)(2) brings the issue of the action's frivolousness and unreasonableness and the claim of lack of foundation squarely before the court. Nothing is required of the plaintiff to raise this issue. Regardless of what the plaintiff does, absent express agreement, the issue has been squarely presented. We should not deny review. This is particularly true in this case, where defendants made no attempt to meet the exacting standards and burden of *Christiansburg,* and the court failed to make the finding required.

While I recognize and adhere to the procedural rule on which the majority relies, this rule should not be invoked to defeat legal principles of far greater importance. This court has stated that private enforcement of the Fair Housing Act "not only vindicates the civil rights of the individual victim of discrimination, but promotes the public interest by eradicating housing discrimination. The eradication of housing discrimination is a policy that Congress considered to be of the highest priority." *Price v. Pelka,* 690 F.2d 98, 101 (6th Cir.1982). Consistent with this objective, the Supreme Court has stated that an award of attorney fees to prevailing defendants on the sole basis that they won the case "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg,* 434 U.S. at 422, 98 S.Ct. at 701. Because of the manner in which the Barilows' motion was presented and decided, we have no assurance that the risks envisioned in *Christiansburg* were not realized in this case.

Thus, I respectfully dissent.