30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. ATKINS, Plaintiff-Appellant,
v.
Henry C. ZAVISLAK, Defendant,
Lawrence Lindemer, Defendant-Appellee.
 Nos. 93-1699, 93-1725.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 1
 Before: JONES and RYAN, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Robert E. Atkins, a former Michigan state prisoner, moves for the appointment of counsel and appeals the judgment for the defendant on a jury verdict in this action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Atkins, who was represented by counsel below, filed this action seeking monetary damages against a Jackson County, Michigan, jail deputy in his individual capacity. Other defendants were initially named but were later dismissed by stipulation of the parties. Atkins alleged that while housed at the jail, he had requested a cell change due to threats against him by his cellmates. He further alleged that defendant Lindemer ignored his request, at least partially on racial grounds. Atkins was later attacked by his cellmates, resulting in injuries including a laceration of his forehead and a broken jaw. The matter was tried before a jury which found for the defendant, and the district court entered judgment accordingly. On appeal, Atkins challenges the jury verdict on the merits and raises issues concerning the jury selection and his absence from the courtroom during a portion of the testimony.
 
 
 4
 Upon review, we see no basis for overturning the jury's verdict. The argument on the merits of the case is unpersuasive. Atkins did not move for a new trial below, and even if he had, the jury's verdict was one which could reasonably have been reached. Even if different inferences and conclusions could also have been drawn, witness credibility is an issue solely within the jury's province. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993). In this case, the jury apparently credited the defendant's testimony that he lacked knowledge of any threat to Atkins. See Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993). The other issues raised were not presented to the district court, see Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993), nor did they result in any prejudice to the plaintiff.
 
 
 5
 Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit. Defendant's request for attorney fees is denied. His request for costs is denied without prejudice to the filing of a formal motion pursuant to Fed.R.App.P. 39(d).
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation