35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles R. CUNDIFF, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Respondent-Appellee.
 No. 93-6278.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Charles R. Cundiff, pro se, appeals a district court order denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October of 1986, a jury found Cundiff guilty of one count of incest and of being a second degree persistent felony offender (PFO) under Kentucky law. Cundiff was given a five-year sentence for the incest conviction, enhanced to fifteen years by the PFO conviction. These convictions and sentences were affirmed on appeal in the Kentucky state courts. Thereafter, Cundiff filed a motion with the trial court pursuant to Ky.R.Crim.P. 11.42. The Kentucky Circuit Court held a full evidentiary hearing on the motion and, after thorough consideration of the merits of the grounds presented by Cundiff, denied the motion. This decision was affirmed by the Kentucky Court of Appeals. The Kentucky Supreme Court denied discretionary review.
 
 
 3
 In October of 1992, Cundiff filed this petition for a writ of habeas corpus, raising the following claims: 1) the trial court erred by allowing the prosecution to introduce evidence "not known by his counsel," specifically, a calendar belonging to the victim, and a "word completion test" introduced through the testimony of a social worker who had interviewed the victim; 2) the Commonwealth and the social worker had "threatened" the witness, thereby compelling her to testify for the Commonwealth although she had recanted her story before the trial; 3) Cundiff was denied effective assistance of counsel; and 4) Cundiff was denied access to a copy of the trial transcript. These issues, except for the transcript issue, were subsequently deemed to fall under the ineffective assistance of counsel claim. The magistrate judge found that Cundiff had failed to show he was prejudiced by any of this counsel's acts or omissions during the trial and, thus, was not entitled to habeas relief. The magistrate judge also found that because Cundiff had not raised the transcript issue before the state courts and had failed to demonstrate cause and prejudice to warrant consideration of the issue, that ground, likewise, did not support habeas relief. The district court adopted the report and recommendation and dismissed the petition.
 
 
 4
 On appeal, Cundiff states that the "cumulative effects" of his counsel's errors resulted in an invalid conviction and again argues that he could not properly support his Sec. 2254 petition without access to a copy of the trial transcript. Cundiff also presents the new claim that he is actually innocent of the crime for which he was convicted. Cundiff has filed a motion to proceed in forma pauperis.
 
 
 5
 A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). Fundamental fairness has been defined very narrowly. Dowling v. United States, 493 U.S. 342, 352 (1990). This court reviews a habeas corpus petition de novo, but must give complete deference to state court findings that are supported by evidence. We review the district court's findings of fact under the "clearly erroneous" standard. Wright, 999 F.2d at 178; McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989).
 
 
 6
 For the reasons stated by the magistrate judge in his report and recommendation, the district court properly found that Cundiff has failed to show that he was prejudiced by any acts or omissions by his counsel that rendered his trial unfair or the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Cundiff has failed to show that a different ruling on the various issues, such as the victim's calendar, the word completion test, the amendment to the indictment, the "threatening" of the victim, and the expert testimony, would have caused the result of the proceeding to be different. Strickland, 466 U.S. at 694; Sims v. Livesay, 970 F.2d 1575, 1581 (6th Cir.1992).
 
 
 7
 Cundiff's argument concerning access to a copy of his trial transcript is also without merit. The district court and this court have had full access to a copy of the transcript, and a review of the grounds that Cundiff presents in support of his Sec. 2254 petition leads this court to conclude that Cundiff's further review of the content of the transcript could lend no further support to his arguments. Lastly, this court will not consider Cundiff's new argument raised for the first time on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, Cundiff's request for in forma pauperis status is granted for the limited purpose of deciding his appeal, and the district court's order dismissing Cundiff's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.