61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delfino MORENO, Petitioner-Appellant,
v.
Pamela WITHROW, Respondent-Appellee.
 No. 94-1466.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1995.
 
 Before: MERRITT, Chief Judge, LIVELY and KEITH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner-Appellant, Delfino Moreno ("Moreno"), a pro se Michigan prisoner, appeals the district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. For the reasons stated below, we AFFIRM the district court's order.
 
 I. Statement of the Case
 
 2
 On July 15, 1983, Moreno was convicted by a jury of second degree murder in the death of Julio Flores and was sentenced to a term of life imprisonment. Flores was found beaten in his car on December 7, 1982. He died in surgery shortly thereafter. The prosecution set forth a theory that Moreno had beaten Flores because he had not paid for guns Moreno had sold to him. Pedro Ceballo was arrested and convicted as Moreno's accomplice. Ceballo testified at trial as to Moreno's guilt. Robert Alverado and Jaime Chiquito testified at trial, among other things, Moreno told them he was paid to beat up the victim. A police report obtained under the Freedom of Information Act by Moreno contained a statement that the sister of another accomplice, Bennett, told Chiquito that Moreno, with others, was involved in the murder. Bennett's sister's identity was unknown and she was not called to testify.
 
 
 3
 The Michigan Court of Appeals affirmed the conviction in an unpublished per curiam opinion dated May 29, 1985. The Michigan Supreme Court denied leave to appeal on December 4, 1985. Further attempts to overturn the conviction were unsuccessful.
 
 
 4
 In his habeas petition, Moreno claimed: 1) the prosecutor did not reveal inconsistent statements; 2) the prosecutor failed to produce a res gestae witness; 3) Moreno's trial counsel was ineffective; and 4) the trial court erred in allowing six witnesses to testify about petitioner's prior acts without giving a curative instruction. The matter was referred to a magistrate judge who issued a report recommending the petition be denied. Despite Moreno's objections, the district court adopted the report and recommendation in a memorandum opinion and order filed February 14, 1994.
 
 
 5
 On appeal, Moreno reasserts claims two through four. He raises an additional prosecutorial misconduct claim and a claim his conviction was obtained by false and perjured testimony.
 
 II. Discussion
 
 6
 Initially, we note Moreno does not raise claim one above on appeal; therefore, it is considered abandoned and will not be reviewed. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Upon review, we affirm the district court's order because Moreno was not denied a fundamentally fair trial. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 853, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 8
 Moreno's claim the prosecutor failed to call a res gestae witness, Bennett's sister, concerned a perceived error of state law which rarely serves as a basis for habeas corpus relief and does so only when, under federal constitutional law, the petitioner is denied fundamental fairness in the trial process. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). Moreno's trial was not rendered fundamentally unfair because the witness was not called. Had the witness been identified and called, she likely would have testified Moreno was involved in the murder of which he was accused.
 
 
 9
 Moreno's prosecutorial misconduct claim must also fail. Prosecutorial misconduct must be so egregious as to deny petitioner a fundamentally fair trial before habeas corpus relief becomes available. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Serra, 4 F.3d at 1335; Martin v. Foltz, 773 F.2d 711, 716-17 (6th Cir.185), cert. denied, 478 U.S. 1021 (1986). There was no prosecutorial misconduct in failing to present Bennett's sister. Bennett's sister allegedly told Chiquito Moreno committed the murder. Therefore, any testimony elicited from her would not have shown Moreno to be innocent.
 
 
 10
 Moreno's claim his attorney was ineffective, as is set forth in his appellate brief, is unreviewable because Moreno, with the exception of counsel's alleged failure to use certain witnesses' prior inconsistent statements to impeach them, did not present the alleged instances of attorney error to the district court in the first instance. Unless exceptional circumstances are present, this court will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case which warrant addressing these alleged instances of attorney error.
 
 
 11
 Moreno's claim his attorney was ineffective for failing to file a motion for disclosure of police reports has no merit because the record reveals Moreno's attorney was provided with the police reports. Furthermore, Moreno cannot demonstrate that "but for" the failure to impeach the prosecutor's witnesses the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Most of the inconsistent statements contained comments incriminating Moreno.
 
 
 12
 Moreno's claim that the trial court erred when it allowed six witnesses to testify about his prior acts without giving a curative instruction does not rise to a level of constitutional magnitude. The Michigan Court of Appeals correctly held the use of evidence showing Moreno acquired guns during a breaking and entering was admissible to the jury as evidence of Moreno's motive to kill Flores. Moreno's constitutional rights were not implicated and this court will not second guess the state court's ruling on this state law issue. Estelle, 112 S.Ct. at 480 (1991). The admission of prior acts's testimony did not make Moreno's trial fundamentally unfair.
 
 
 13
 Even if the failure to give a limiting instruction on the admission of prior acts constituted error, such failure did not have a "substantial and injurious effect or influence in determining the jury's verdict, such that it resulted in actual prejudice." Brecht v. Abrahamson, 113 S.Ct. 1710, 1717, 1722 (1993). The prosecution presented overwhelming evidence of Moreno's guilt, including testimony of an eyewitness (Ceballo), as well as the testimony of Chiquito and Alverado. Any error resulting from the district court's failure to give a limiting instruction on the admission of prior acts constituted harmless error.
 
 
 14
 Moreno concedes the remaining issues raised on appeal have not been exhausted. A state prisoner must first exhaust his available state court remedies before seeking habeas relief. 28 U.S.C. Sec. 2254(c). There is no reason to believe the state appellate system will not give Moreno a fair opportunity to raise these new claims. Because these issues are unexhausted, they are not reviewable by this court.
 
 III. Conclusion
 
 15
 For the foregoing reasons, the dismissal of the petition for a writ of habeas corpus by United States District Judge Benjamin F. Gibson of the United States District Court for the Western District of Michigan, Southern Division is AFFIRMED.