76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis R. LEWIS, Jr., Petitioner-Appellant,
v.
Dennis A. BAKER, Warden, Respondent-Appellee.
 No. 95-3471.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: ENGEL and MILBURN, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Curtis R. Lewis, Jr., appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a bench trial, Lewis was convicted of one count of rape and two counts of gross sexual imposition. The trial court sentenced Lewis to life imprisonment on the rape count and concurrent one and a half year terms of imprisonment on the gross sexual imposition counts. The Ohio Court of Appeals affirmed Lewis's conviction and the Ohio Supreme Court denied further review.
 
 
 4
 Lewis then filed a petition for a writ of habeas corpus in federal court, alleging that: (1) an expert witness improperly testified at trial to the veracity of another witness; (2) sufficient evidence did not exist to support his convictions; (3) his trial and appellate counsel did not provide him with effective assistance; and (4) the trial court did not properly determine that Lewis knowingly and intelligently waived his right to a speedy trial. Over Lewis's objections, the district court adopted the magistrate judge's report and recommendation and dismissed Lewis's petition as meritless. Lewis has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Lewis's habeas petition. Initially, we note that Lewis does not challenge the district court's conclusion that he procedurally defaulted his first and fourth claims in the state courts and, therefore, any such challenge is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). While Lewis does argue on appeal that his failure to rely on federal law in support of his claims in state court resulted from the ineffective assistance of counsel, he did not make this argument in the district court. Therefore, this court will not address it in the first instance on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Lewis's remaining claims are without merit. Sufficient evidence existed to support Lewis's convictions. Jackson v. Virginia, 443 U.S. 307, 324 (1979). Further, Lewis has not shown that he received ineffective assistance of counsel because he was not prejudiced by any alleged error of his counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation