79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy BRATTON, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security, Defendant-Appellee.
 No. 95-5762.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Tommy Bratton appeals a district court order affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bratton filed an application for social security disability insurance benefits alleging that he suffered from a back condition. Following a hearing, an administrative law judge (ALJ) determined that Bratton was not disabled because Bratton could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Bratton then filed a complaint seeking review of the Secretary's decision. Upon de novo review of the magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Bratton contends that he satisfies § 1.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, Bratton did not raise this issue before the district court. Thus, this issue is not reviewable on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Bratton contends that he also satisfies § 12.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, a review of the record does not indicate that Bratton has a valid I.Q. test. The two I.Q. tests given to Bratton indicate that Bratton did not give the tests his full effort. Therefore, the tests are invalid.
 
 
 7
 Finally, Bratton contends that his Global Assessment of Functioning score establishes that he is disabled. However, despite this score, the testimony of the vocational expert establishes that Bratton can perform a significant number of jobs in the economy. Thus, the Secretary's decision is supported by substantial evidence.
 
 
 8
 Accordingly, we affirm the district court's order.