89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond E. FORD, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-4232.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 
 ORDER
 
 2
 Raymond E. Ford appeals a district court judgment affirming the Commissioner's denial of his application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Ford filed an application for supplemental security income benefits alleging that he suffered from a broken femur and alcoholism. Following a hearing, an administrative law judge (ALJ) determined that Ford was not disabled because Ford could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Ford then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Ford argues that his counsel was ineffective at the hearing before the ALJ. This argument was not presented to the district court. Therefore, the argument is not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 Ford contends that he satisfies § 1.11 of 20 C.F.R. Part 404, Subpart P, Appendix 1. However, x-rays in January 1992, June 1992, and August 1992, indicate that Ford's fractured femur had completely healed. Therefore, Ford does not satisfy § 1.11.
 
 
 8
 Ford contends that the ALJ should not have relied on the testimony of the vocational expert as the sedentary positions identified by the vocational expert are classified as light and medium level positions by the Dictionary of Occupational Titles. The Dictionary of Occupational Titles is not the sole source of admissible information concerning jobs. See Barker v. Shalala, 40 F.3d 789, 795 (6th Cir.1994) (per curiam). The vocational expert's testimony does not need to correspond with the job titles found in the Dictionary. Id. As the vocational expert cited positions, based on her experience, which Ford could perform at the sedentary level, the decision of the Commissioner is supported by substantial evidence. Id.
 
 
 9
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation