89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. COHN, Individually and d/b/a The Cohn Law Firm
and as assignee of Jeffrey F. McEvoy, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY; Bobby B. Howell,
Defendants-Appellees.
 No. 95-6069.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: WELLFORD, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 William A. Cohn appeals a district court judgment affirming the Commissioner's decision to award him only $4,000 in attorney's fees for representation of a client in a social security disability case. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On February 11, 1992, Cohn and Bobby Howell entered into an agreement where Cohn agreed to represent Howell in a social security disability case. Howell agreed that Cohn would receive twenty-five percent of any past-due benefits as attorney's fees.
 
 
 3
 Howell was awarded benefits by an administrative law judge (ALJ). Howell was found to be eligible for $33,944.25 in past-due benefits. On November 17, 1992, Cohn filed a fee petition requesting $11,314.75. To support his claim, Cohn submitted a time sheet indicating that he had spent seventeen hours on Howell's case.
 
 
 4
 On December 1, 1992, the Social Security Administration authorized Cohn $4,000 for his services. The agency informed Cohn that his requested fee represented an hourly rate that was excessive. Cohn sought administrative review of this determination. The agency affirmed the $4,000 award on review.
 
 
 5
 Cohn then filed a civil complaint challenging the award. Upon de novo review of a magistrate judge's report, the district court affirmed the Commissioner's decision. In his timely appeal, Cohn argues that the district court erred by not allowing him time to engage in discovery.
 
 
 6
 For the first time on appeal, Cohn contends that the district court erred by not allowing him to engage in discovery before dismissing the case. Cohn never moved for discovery in the district court, nor did Cohn raise the issue in his objections to the magistrate judge's report. As this issue was not raised before the district court, it is not reviewable on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 We note that under 42 U.S.C. § 406(a)(2)(A)(ii), the Commissioner is required to approve a fee that does not exceed the lesser of twenty-five percent of past-due benefits or $4,000. Therefore, the Commissioner's fee award was proper.
 
 
 8
 Accordingly, we affirm the district court's judgment.