110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael RICHARD, Plaintiff-Appellant,
v.
John PALKO, Defendant-Appellee.
 No. 96-1405.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Michael Richard appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Richard initially alleged that employees of the Michigan Department of Corrections had violated his constitutional rights while he was incarcerated. The district court adopted a magistrate judge's recommendation and dismissed these claims on June 10, 1994.
 
 
 3
 Richard was allowed to file an amended complaint, in which he alleged that a prison librarian named Palko had violated his rights under the Eighth Amendment. It appears that Palko had provided unauthorized photocopying services to some inmates. Richard primarily alleged that Palko placed him in jeopardy, by telling other inmates that Richard had advised the authorities of these unauthorized activities. After holding a bench trial, the district court dismissed Richard's case on March 13, 1996. It is from this judgment that he now appeals.
 
 
 4
 We note that Richard has not raised any arguments regarding the dismissal of the claims in his initial complaint. Therefore, he has abandoned these claims for purposes of appellate review. See Kocsis v. Multi-Care Management, 97 F.3d 876, 881 (6th Cir.1996).
 
 
 5
 The Eighth Amendment proscribes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a cognizable Eighth Amendment claim, Richard must satisfy both an objective and a subjective component. See Farmer v. Brennan, 511 U.S. 825, ----, 114 S.Ct. 1970, 1977 (1994). The objective component requires evidence that the alleged pain was serious in light of the circumstances of the case. Id. The subjective component requires a showing of deliberate indifference or wantonness, that is more than mere negligence. See Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir.1995).
 
 
 6
 Palko denied telling other inmates that Richard was an informant. However, Richard's testimony created a genuine dispute on this factual issue. That dispute was resolved by the trial judge, who concluded that Palko's testimony was more credible and that Palko had not been deliberately indifferent to Richard's safety. We review these factual findings for clear error. See Fed.R.Civ.P. 52(a). A factual finding is clearly erroneous only if the reviewing court has a definite and firm conviction that a mistake has been made. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). Rule 52 demands even greater deference when a credibility determination is involved. Id. at 575. An independent review of the trial transcript indicates that the trial judge did not commit clear error here. Moreover, Richard admitted that he did not know whether Palko intended to cause him harm, and there is no evidence that Richard was attacked or injured because of anything that Palko said.
 
 
 7
 Richard now argues that Palko's actions amounted to the intentional infliction of extreme emotional distress. This claim was not raised in Richard's complaint, and we will not consider it for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.