Curtis ELY, Plaintiff–Appellant,

v.

Donal CAMPBELL, Warden, et al., Defendants–Appellees.

No. 00–5782.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

## ORDER

Curtis Ely, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Ely sued the Tennessee Department of Corrections and multiple prison officials contending that he was denied medical treatment, that he was having "many of his civil rights" broken, that the prison's grievance system should be managed by neutral outsiders, that prisoners should not be charged twenty cents per page for photocopies, and that prisoners should not be charged thirty-five cents for a first class stamp. The district court dismissed

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

the complaint as frivolous under 28 U.S.C. § 1915(e)(2).

On appeal, Ely argues that he should have been allowed to amend his complaint before it was dismissed, that he fears that he may be subjected to retaliation as a result of bringing his suit, and that since filing his lawsuit, his psychiatric drug has been reduced so he will "fall weak to suicide."

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ The district court properly dismissed Ely's suit as frivolous. Ely contends that he should have been allowed to amend his complaint before it was dismissed. Under 28 U.S.C. § 1915A, a district court is required to screen all civil cases brought by prisoners to determine if the complaint is frivolous. *Id.* at 608. If the case is frivolous, the case must be dismissed. *Id.* As Ely's complaint is frivolous, the district court properly dismissed the complaint without allowing Ely to amend his complaint.

■ Ely speculates that he might be subjected to retaliation for filing his suit. To establish standing, a prospective plaintiff must demonstrate an "injury in fact" that it is both "concrete and particularized" and is "actual or imminent." *Barden Detroit Casino, L.L.C. v. City of Detroit*, 230 F.3d 848, 854 (6th Cir.2000). As Ely merely speculates that he could suffer a future injury by unidentified individuals, his argument does not establish an injury in fact necessary to maintain a cause of action. The argument is frivolous.

Ely states that his medication has been reduced since he filed his suit and he feels this action will cause him to "fall weak to suicide." This argument concerns an event which occurred after Ely's suit was filed, and it was not presented to the district court. Therefore, the issue is not reviewable on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

As for the remaining issues raised in Ely's complaint in the district court, but not raised on appeal, these issues are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.