**Robin BRINGIER, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants–Appellees.**

**No. 01–3274.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

### ORDER

Robin Bringier, a pro se Virginia prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Bringier sued the Correc-

tions Corporation of America and multiple employees alleging that he had been subjected to discrimination as a result of being found guilty after a disciplinary hearing for failing to follow a direct order and for hindering. He also alleges that the written disciplinary charge was inadequate. Bringier was sentenced to sixty days of segregation. The district court dismissed the complaint under 28 U.S.C. § 1915A.

In his timely appeal, Bringier alleges that he was deprived of meaningful access to the courts and that he should have been given the opportunity to amend his complaint prior to dismissal. He requests the appointment of counsel.

The district court's judgment is reviewed de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

■ Upon review, we conclude that the district court properly dismissed the complaint. To the extent that Bringier contends that he was denied access to the courts, the issue was not raised in the district court and, therefore, is not reviewable on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993). Further, as Bringier's complaint was dismissible under § 1915A, he did not have the right to amend his complaint prior to dismissal. *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 608 and 612. Thus, Bringier's arguments on appeal are meritless.

Further, Bringier's complaint is barred by *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin*, the Supreme Court abandoned its prior approach in determining whether

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**442**

state procedures created a protected liberty interest and held:

> Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483–84, 115 S.Ct. 2293 (citations omitted).

■ As Bringier was simply placed in administrative segregation, the punishment did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293. Therefore, the district court did not err in dismissing Bringier's complaint pursuant to *Sandin*.

Accordingly, we deny the request for counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.