**Ibrahim CHIDUBEM, Plaintiff–Appellant,**

v.

**David W. ZARKA, Defendant–Appellee.**

No. 01–1599.

United States Court of Appeals,
Sixth Circuit.

Dec. 26, 2001.

Before KENNEDY, MOORE, and COLE, Circuit Judges.

Ibrahim Chidubem, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Chidubem sued the classification director and part-time librarian (Zarka) for the Charles Egler Correctional Facility, essentially claiming that Zarka retaliated against him because 1) Chidubem made use of the prison grievance system and 2) because Chidubem attempted to access the courts. In a thorough thirty-page memorandum, the district court concluded that Chidubem's retaliation claims lacked merit because he did not establish that Zarka's conduct was motivated by his protected conduct. Thus, the court granted Zarka's motion for summary judgment.

Chidubem has filed a timely appeal, essentially reasserting his claims. In addition, Chidubem presents an affidavit and other documents concerning an inmate (Brown) in an attempt to further establish that Zarka retaliated against him.

Initially, we note that Chidubem has presented this court with new evidence concerning inmate Brown. However, the court does not address an issue or review evidence that was not first presented in the district court. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

Upon review, we affirm the district court's judgment for the reasons expressed in its March 31, 2001, memorandum opinion and order. The district court properly granted summary judgment the defendant. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). A review of the record clearly reflects that Zarka presented adequate evidence establishing that he did not retaliate against Chidubem for engaging in any protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). The record establishes that there was no causal connection between Zarka's actions and Chidubem's protected conduct.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.