James WILSON, et al., Plaintiffs,

Edward L. Gilbert, Attorney–Appellant,

v.

THE INTERNATIONAL BROTHER-HOOD OF TEAMSTERS, Chauffeurs, Warehousemen and Helpers of America; Local 507, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers; Local 92, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, Defendants–Appellees.

Matlack, Inc., et al., Defendants.

No. 99–4348.

United States Court of Appeals,
Sixth Circuit.

April 26, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

Edward L. Gilbert, counsel for plaintiffs in this hybrid § 301 action filed under the Labor Management Relations Act, 29 U.S.C. § 185, appeals a district court order that denied a motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988. The parties have waived oral argument in this case. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiff won a verdict against his former employer and union following a 1994 jury trial. This court affirmed the judgment, but remanded the case to the district court for an award of attorney's fees to plaintiff against his union. *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, AFL–CIO*, 83 F.3d 747, 753–54 (6th Cir.1996). On remand, the district court awarded plaintiff attorney's fees and costs of $104,487.40. The defendant union appealed the award to this court, and this court affirmed the award. *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, Nos. 97–3668/3672 (6th Cir. Jan. 12, 1999) (unpublished).

Thereafter, plaintiff moved the district court for an additional award of attorney's fees and costs in defending the union's appeal of the initial award of attorney's fees and costs. The district court denied the motion. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that an additional award of attorney's fees is appropriate as damages in this hybrid § 301 case. The defendant union responds that plaintiff's attorney lacks standing to pursue this appeal, and that the district court did not abuse its discretion in denying attorney's fees in any event. In a reply brief, plaintiff's attorney contends that he has standing to continue representing plaintiff, and that an award of attorney's fees is appropriate. The parties initially requested oral argument in this case, but each subsequently waived oral argument. Upon consideration, we will affirm the district court's order.

■ Initially, it is noted that jurisdiction is proper in this case. Although counsel filed notice of appeal on behalf of plaintiff in this case, counsel has been designated as the appellant and real party in interest in the case. On appeal, the defendant union contends that counsel has no standing to appeal the denial of attorney's fees. Indeed, the parties dispute whether counsel represents plaintiff in these proceedings. However, we conclude that counsel has a sufficient personal interest to provide standing to prosecute the appeal even if he no longer represents plaintiff in this case. Accordingly, jurisdiction before this court is proper.

However, this court need not address counsel's contention on appeal that additional fees and costs are appropriate as part of damages in a hybrid § 301 action because the claim was not asserted in the district court. As previously noted, the motion for attorney's fees and costs at issue in this case was filed pursuant to 42 U.S.C. § 1988, although § 1988 clearly does not apply in this hybrid § 301 case. The district court noted that plaintiff's briefs regarding the matter were "of little assistance, since, as authority for the fees sought, they rely on 42 U.S.C. § 1988, which provides that a prevailing party in a civil rights proceeding may recover attorney fees." Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993). Accordingly, this court need not address counsel's contention on appeal that he is entitled to additional fees and costs as part of damages in a hybrid § 301 case.

Nonetheless, it is noted that the claim on appeal lacks merit in any event. Generally, this court reviews a district court ruling regarding attorney's fees only for an abuse of discretion. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 312 (6th Cir.1997). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't*, 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

Here, the district court did not abuse its discretion in denying additional attorney's fees and costs. Although this court directed the district court to award fees and costs as part of plaintiff's damages upon remand from the initial judgment, the district court correctly concluded that the issue of plaintiff's entitlement to recovery of attorney's fees and costs attributable to a second appeal taken by the defendant union from that initial award essentially is a separate matter from the underlying case. As such, an additional award of fees and costs against the defendant union cannot be justified as damages sustained in pursuing the underlying § 301 claim against the defendant union and defendant employer. Under these circumstances, the district court did not abuse its discretion in denying the motion for additional fees and costs in any event.

For the foregoing reasons, the district court's order is affirmed.