**Wilda Crow MERKOBRAD, Plaintiff–Appellant,**

v.

**William J. CLINTON; Hillary Rodham Clinton, Defendants–Appellees.**

**No. 02–5357.**

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before SILER, DAUGHTREY, and GILMAN, Circuit Judges.

Wilda Crow Merkobrad, a pro se Tennessee resident, appeals a district court order dismissing her civil rights action construed as being filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Merkobrad sued former President William J. Clinton and his wife, Senator Hillary Rodham Clinton, claiming that she notified the Clintons by mail of threats made upon her life by Albert Fernandez, Chief Executive Officer for the Williamsburg Pharmaceutical Research Corporation. Merkobrad also claimed that Fernandez was involved in money laundering, grand theft, and fraud. She states that the Clintons failed to respond to her concerns. The district court dismissed the case for failure to state a claim.

In her timely appeal, Merkobrad requests that her suit be given class action certification, that the Los Angeles Board of Supervisors and the Catholic Church, U.S.A. pay all "plaintiffs all back salaries and all retirement and reparations," that the Clintons publicly state that they would treat the American citizens fairly, that she be placed in the federal witness protection program, that the Canadian government grant her full refugee status and place her in its witness protection program, and that the Clintons breached their "contract" by not replying to her letters.

The district court's order is reviewed de novo. *See Hammons v. Norfolk S. Corp.*, 156 F.3d 701, 704 (6th Cir.1998).

Initially, it is noted that except for Merkobrad's argument that the Clintons had an obligation to respond to her letters, the numerous issues which she raises in her brief on appeal are not reviewable as they were not presented before the district court. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

As for Merkobrad's contention that the Clintons had an obligation to respond to her correspondence, in order to state a viable claim pursuant to *Bivens*, Merkobrad must allege that she was deprived of her rights secured by the federal constitution or laws of the United States by a person acting under color of federal law. *Bivens*, 403 U.S. at 390–97, 91 S.Ct. 1999.

As there is no federal constitutional right or legal obligation for the Clintons to respond to Merkobrad's letters, her complaint fails to state a claim.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.