**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0324n.06
Filed: May 12, 2009

05-2200

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LANISE BASON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOAN YUKINS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and McKEAGUE, Circuit Judges; GWIN,[*] District Judge.

**PER CURIAM.** Petitioner Lanise Bason appeals the denial of her petition for

habeas corpus relief from her Michigan prison sentence of 18-50 years for the second-

degree murder of her husband, Bryant Branch. The district court granted Bason a

certificate of appealability "as to Petitioner's ineffective assistance of counsel claim," and

Bason now identifies four components of that claim: (1) "by failing to follow procedural

rules, trial counsel caused the critical expert report to be excluded"; (2) "counsel 'forgot' to

test the prosecution's case by moving for a directed verdict"; (3) "trial counsel failed to put

---

[*]The Hon. James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

on a case for the defense"; and (4) "trial counsel also failed to present important mitigating evidence at sentencing." *See* Appellant's Br. at iii.

However, Bason raised only the second and third issues before the Michigan state appellate courts. Indeed, the first and fourth claims listed in Bason's appellate brief were never advanced before the Michigan appellate courts, were not argued before the district judge, and were not even mentioned in the district court's opinion denying habeas relief, despite a passing reference in Bason's amended petition to the ineffectiveness of counsel at sentencing by failing to offer the testimony of an expert witness knowledgeable in the diagnosis of "battered spouse syndrome." Because Bason did not fairly present these issues to the Michigan state courts, and because she no longer has the opportunity to do so, *see* M.C.R. § 6.508(D)(3), they are considered procedurally defaulted, *see Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). Bason has failed to demonstrate cause and actual prejudice or a fundamental miscarriage of justice to overcome the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Even assuming no procedural default, Bason's failure to raise these issues before the district court further counsels against appellate review by this court. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993). Accordingly, we decline to consider the merits of the first and fourth ineffective-assistance-of-counsel claims presented by the petitioner.

Moreover, the opinion of the district judge denying habeas relief to Bason thoroughly analyzes the two ineffective-assistance-of-counsel claims that were properly presented to the Michigan state courts. Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district judge erred in denying the habeas corpus petition. The reasons justifying such a denial have been ably articulated by the district court, and the issuance of a full written opinion by this court would be duplicative and serve no useful, jurisprudential purpose. Accordingly, we AFFIRM the judgment of the district court regarding Bason's exhausted claims upon the reasoning set out by that court in its opinion and order filed on June 28, 2005.