NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1149n.06

No. 12-5279

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 05, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICKY L. JOHNSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| ARAMARK; COOKIE CREWS, Warden; | ) | |
| JANE AND JOHN DOES; KSR OFFICIALS; | ) | |
| ARAMARK CORRECTIONAL SERVICES, | ) | |
| LLC; MARK GEDDES; BONNIE RESNIC, | ) | |
| | ) | |
| Defendants-Appellees. | | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Ricky L. Johnson, a Kentucky prisoner proceeding pro se, appeals a district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.  Johnson also has filed a motion for the appointment of counsel.

Johnson is incarcerated at the Kentucky State Reformatory.  In October 2011, he filed an amended complaint against Aramark Correctional Services, LLC, Aramark's Regional Manager Mark Geddes, Aramark Supervisor Bonnie Resnic, and Reformatory Warden Cookie Crews.  In his complaint, Johnson alleged that he suffered injuries while working in the prison's food service department, which is managed by Aramark.  He alleged violations of § 1983; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq.  The district court dismissed Johnson's action for failure to state a claim.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

The district court's order is reviewed de novo. *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008).

Johnson does not raise his ADA and RFRA claims on appeal. Nor does he argue that the district court erred in dismissing his claims against Aramark, Geddes, and Resnic. Therefore, these claims are deemed waived. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). In addition, Johnson is not permitted to add new defendants and claims on appeal. *See Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993).

Johnson argues that he stated a claim against Crews. But his primary argument against Crews is that she failed to respond to his grievances, and the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). To the extent that Johnson argues that Crews is liable for the alleged unconstitutional acts of other officers, "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *Id*. Accordingly, the district court properly dismissed the claims asserted against Crews.

The motion for appointment of counsel is denied and the district court's order is affirmed.