**Eddie TAYLOR, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–3120.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

Eddie Taylor appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

In 1996, Taylor was convicted of possessing cocaine base for intended distribution, a violation of 21 U.S.C. § 841(a)(1). He was sentenced to a statutorily mandated term of life imprisonment, and this sentence was affirmed on direct appeal. *See* 21 U.S.C. § 841(b)(1)(A).

In his § 2255 motion, Taylor alleged that: 1) the prosecutor struck an African–American from the jury; 2) the court failed to suppress certain evidence; 3) the sentencing ratio between cocaine base and powdered cocaine is unconstitutional; and 4) he was denied the effective assistance of counsel. Taylor's first three claims were decided against him on direct appeal. The district court rejected his ineffective assistance of counsel claim, and dismissed the case on December 15, 1999. It is from this judgment that Taylor now appeals, moving for the appointment of counsel.

We review the denial of a § 2255 motion *de novo,* examining the district court's factual findings for clear error. *See Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999). In order for Taylor to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. *See id.*

▇▇▇ Taylor now argues that the prosecutor failed to honor a promise by local law enforcement officers that he would receive a reduced sentence for cooperating in their investigation. Hence, he alleges prosecutorial misconduct based on the government's failure to move for a downward departure, under 18 U.S.C. § 3553(e) and USSG § 5K1.1. The district court properly rejected this claim because Taylor did not show that the prosecutor's decision was based on racial discrimination or some other constitutionally impermissible motive. *See Wade v. United States,* 504 U.S. 181, 185–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Taylor now asserts that the prosecutor was motivated by his decision not to plead guilty. This claim was not clearly presented to the district court, and we need not consider it for the first time on appeal. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). Nevertheless, we note that the argument is unpersuasive, as the prosecutor had indicated that he would not move for a reduced sentence, even when Taylor attempted to enter a guilty plea prior to trial.

▇▇▇ Taylor also argues that his attorney did not urge the district court to hold the government to its alleged promise of a reduced sentence. To establish the ineffective assistance of counsel, he must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged error. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Taylor has not met this test because the court cannot impose a sentence below the statutory minimum unless the government moves for a sentence reduction under § 3553(e). *See Wade,* 504 U.S. at 185. Moreover, in the absence of a specific agreement to the contrary, the government's decision not to file a § 3553(e) motion is wholly discretionary. *See United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998).

▇▇▇ Taylor has not shown that there was a binding agreement that required the federal prosecutor to move for a reduced sentence. In this regard, he asserts only that local police officers from Mansfield, Ohio, promised him a reduced sentence if he provided information regarding drug-trafficking activities. However, Lt. Goldsmith of the Mansfield police department

testified that he had not made any promises in exchange for Taylor's cooperation.

In addition, Taylor has not shown that the local officers were authorized to make a promise on behalf of the federal government. Thus, his case is distinguished from cases where the government is bound by plea agreements that are made by a federal prosecutor. *See, e.g., Benjamin,* 138 F.3d at 1073–74. Fundamental fairness may require the government to honor promises that its agents have made in situations that are analogous to a plea bargain. *United States v. Streebing,* 987 F.2d 368, 372 (6th Cir.1993). However, the agent must be authorized to make the promise, and the defendant must rely to his detriment on the promise. *Id.* "If either part of this showing fails, the promise is unenforceable." *United States v. Flemmi,* 225 F.3d 78, 84 (1st Cir.2000).

The *Flemmi* court held that FBI agents were not authorized to make a promise of immunity on behalf of the government. *Id.* at 85–91. This analysis applies *a fortiori* in Taylor's case, as the promise was allegedly made by local officers on behalf of a federal prosecutor, who had exclusive authority to move for a reduced sentence under § 3553(e). *See id.* at 87–88; *Streebing,* 987 F.2d at 373 (collecting cases). Furthermore, the prosecutor's comments prior to trial plainly indicate that he had not ratified the alleged promise. *See Flemmi,* 225 F.3d at 90. Finally, there is no reason to create an equitable exception to the rules of agency here, because Taylor's conviction would have been supported by ample evidence even if he had not confessed in reliance on the alleged promise. *See Streebing,* 987 F.2d at 373. The overwhelming evidence that was arrayed against Taylor also indicates that he did not rely to his detriment on the alleged promise. *See id.*

Under these circumstances, Taylor has not shown that his attorney's performance was deficient in a constitutional sense, as there was no viable basis for compelling the government to move for a reduced sentence. The failure to make this showing independently defeats his claim. *See Strickland,* 487 U.S. at 687. In addition, Taylor has not shown that he was actually prejudiced by counsel's failure to raise a futile argument at sentencing.

Accordingly, Taylor's motion for counsel is denied and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.