**Dennis EDDINS, Plaintiff–Appellant,**

v.

**Paul G. SUMMERS, Attorney General; State of Tennessee, et al.; W. Michael Mccown, Defendants–Appellees.**

No. 01–5038.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

Dennis Eddins, a Tennessee citizen, appeals pro se a district court order dismissing two consolidated civil rights complaints filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Eddins filed these two complaints against the Attorney General of Tennessee, the state of Tennessee, and a district attorney general. Both complaints alleged that a number of prosecutors, public defenders, and judges, most of whom were not named in the caption of the complaint, and who were involved in prosecuting Eddins on two counts of harassment, sixteen counts of passing worthless checks, and disorderly conduct, had violated his due process and equal protection rights. Eddins claimed that these attorneys had violated the Code of Professional Responsibility, and he accused them of not having licenses to practice law. Additionally, he alleged that complaints he had filed against them

with the Board of Professional Responsibility had not been resolved to his satisfaction. Copies of these complaints indicated that the attorneys were also involved in prosecuting Eddins for possession of Schedule II drugs and drug paraphernalia, burglary, theft, and assault.

Eddins served only the Attorney General with these complaints. That defendant moved to consolidate the complaints and to dismiss them for failure to state a claim. Eddins did not respond to these motions. The district court granted the motions to consolidate and to dismiss, finding the complaints barred by Eleventh Amendment immunity and the *Rooker/Feldman* doctrine, and ordered Eddins to show cause why the complaints should not be dismissed as to any defendants not served. Eddins filed a response to the order to show cause in which he asserted that, because he was suing all of the defendants in their official capacity, he was suing only the state of Tennessee, and therefore service on the Attorney General was sufficient. The district court did not find good cause exhibited for the failure of service, and dismissed the complaint as to the remaining defendants.

On appeal, Eddins generally reasserts his arguments and also raises new arguments that the defendants are in violation of the Federal Peonage Statute, 18 U.S.C. § 1581, and state RICO laws.

▆▆▆ Upon de novo review, we conclude that the dismissal of these complaints for failure to state a claim must be affirmed for the reasons stated by the district court. Eddins could prove no facts which would entitle him to the relief requested. *See American Eagle Credit*

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

*Corp. v. Gaskins,* 920 F.2d 352, 353 (6th Cir.1990).

Eddins concedes that he is suing only the state of Tennessee, as all defendants were named in their official capacity. However, § 1983 actions may not be brought against the state of Tennessee, which is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

The district court also correctly concluded that it lacked jurisdiction to rule on these complaints because it would require review of state court decisions. Such review is available only in the Supreme Court. *See Gottfried v. Med. Planning Servs., Inc.,* 142 F.3d 326, 330 (6th Cir. 1998).

Essentially, Eddins is not challenging the district court's dismissal of his complaints as to any defendants not served, because he has conceded that he is suing only the state of Tennessee, and this action is barred against the state for the reasons discussed above.

Finally, we need not address issues raised on appeal which were not presented to the district court. *Foster v. Barilow,* 6 F.3d 405, 408 (6th Cir.1993). Moreover, the arguments are frivolous, in that they assert that defendants are in violation of criminal law, but Eddins is not authorized to initiate criminal prosecutions.

For all of the above reasons, the dismissal of these complaints is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.