**Blair Curtis WEBB, Plaintiff–Appellant,**

v.

**Ralph TEDFORD, Clyde Petrella, Sgt., Defendants–Appellees,**

**Max Warden, Detective, Defendant.**

No. 01–2186.

United States Court of Appeals, Sixth Circuit.

July 31, 2003.

Before DAUGHTREY, ROGERS, and NORRIS, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiff–Appellant, Blair Curtice Webb, originally filed this suit under 42 U.S.C. § 1983 against several police officers and two municipalities. Webb claimed that a constitutional violation occurred when the defendants arrested him and used excessive force against him as they searched his girlfriend's home. Most of the parties have been dismissed and the case has been heard once before by this court. In addition to the excessive force claim, Webb argues on appeal that the police sought a coerced confession from him in violation of the Fifth Amendment and that he was retaliated against for exercising his First Amendment rights.

This court heard an interlocutory appeal in the present case in 1997 and a more detailed recitation of the facts is set forth therein. *Webb v. Warden,* No. 97–1870, 1998 WL 808232, 168 F.3d 491, 1998 U.S.App. LEXIS 29536 (6th Cir. Nov. 13, 1998). Prior to the district court's most recent order granting summary judgment, all defendants and most claims had been dismissed from this case except those against Officer Tedford and Sgt. Petrella.[1] The district court granted summary judgment to these two defendants on Webb's remaining claim of excessive force under the Fourth Amendment. Webb appeals this order.

This court reviews a district court's grant of summary judgment *de novo. Williams v. General Motors Corp.,* 187 F.3d 553, 560 (6th Cir.1999). The evidence should be viewed in the light most favorable to the nonmoving party and summary judgment should only be granted where there is no genuine issue of material fact.

---

1. Webb argues that Deputy Navidonski remains a defendant in this case. However, the district court explicitly dismissed all defendants who had moved for summary judgment, and Navidonski was one of them. That decision was affirmed on appeal, and the district court therefore properly determined that Navidonski was no longer a defendant.

*Id.* "The nonmoving party, in answering a motion for summary judgment that is supported properly, must show that there is, indeed, a genuine issue for trial." *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir. 2000).

■ The district court reviewed the evidence in the light most favorable to Webb. Specifically, the court found that

after [Webb] was handcuffed and had been sitting on the floor for some time, Defendants put a sweatshirt jacket around his head, tying the sleeves behind his head, put a knee to his back and laid him facedown [sic] over a heating grate in the living room in a workman's cottage or whatever it was. Plaintiff complains that when the forced air heat came on, it was difficult for him to breathe, exacerbated by the officers reaching down and pinching his nostrils. The grate itself became hot, although his face never touched the grate because his head was covered with the sweatshirt.

Plaintiff admits, however, that he had more confrontation with the officers even after he was handcuffed and seated on the floor. He swore at the officers. . . . It was then they put the sweatshirt over his head and lay him on the floor.

The length of time he spent on the grate is in dispute; however, Plaintiff's girlfriend at the time, Deena Young, testified that once he was here the heater kicked on "cause you can hear it blow and you could see him moving, and I assumed he was hot, and that's when I told him, you know, he probably can't breathe, you know, could you please move and I can't remember which officer moved him."

Relying on *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the district court concluded that "[a]pplying the standard of reasonableness, therefore, to the totality of the circumstances in this incident, . . . there is no genuine issue of material fact regarding the use of force by the Defendant officers." Based on the reasoning of the district court below, we affirm the grant of summary judgment.[2]

■ Webb also argues that the force used by the police was an attempt to coerce a confession from Webb in violation of the Fifth Amendment. In his Response to Defendants Tedford and Petrella's Motion for Dismissal and/or for Summary Judgment, defense counsel conceded that his Fifth Amendment claims could be dismissed and therefore we do not address them here. Webb also raises an issue for the first time on appeal, that the force used by the police officers in response to Webb's protests about his treatment was First Amendment retaliation. We will not consider issues raised for the first time on appeal except in exceptional cases or to prevent a miscarriage of justice. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir. 1993). Because the issue was not raised below and no exceptional circumstances are presented here, we decline to address it.

The judgment of the district court is accordingly affirmed.

---

**2.** Webb also alleges that a genuine issue of material fact exists as to whether Officer Tedford is liable under § 1983 for failing to stop the others from harming Webb. Because the force used was not excessive, Officer Tedford's inaction does not render him liable.