NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0179n.06
Filed: March 13, 2006

**No. 05-3048**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| SEVENTEEN FIREARMS and 3,005 ROUNDS OF | ) | C O U R T   F O R   T H E |
| AMMUNITION, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants, | ) | |
| | ) | **O P I N I O N** |
| DANIEL HUTCHINGS and KELLY HUTCHINGS, | ) | |
| | ) | |
| Claimants-Appellants. | ) | |

BEFORE: **DAUGHTREY and McKEAGUE, Circuit Judges; and McCALLA, District Judge.**[*]

**McKEAGUE, Circuit Judge.**  This a civil forfeiture action *in rem* brought by the Government under 18 U.S.C. § 924(d)(1) based upon Daniel Hutchings's violation of 18 U.S.C. § 922(g)(9).  In the proceedings below, the district court granted summary judgment in favor of the Government.  As claimants in this case, Daniel and Kelly Hutchings appealed, asserting the forfeiture violated the Commerce Clause of the United States Constitution.[1]

---

[*]The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

[1]The Constitution delegates to Congress the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3.

For the reasons set forth below, we affirm judgment for the Government.

**I.**

The key facts of this case are not in dispute. Kelly Hutchings purchased approximately 26 firearms on behalf of her husband, Daniel (collectively, the "Appellants"). The couple sold a number of the firearms via the internet and at gun shows, and also stripped parts for sale. Neither of them had a federal firearms dealer's license.

A federal investigation uncovered a misdemeanor domestic violence conviction against Daniel. Under 18 U.S.C. § 922(g)(9), it is unlawful for someone who has been convicted of a misdemeanor crime of domestic violence "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Accordingly, pursuant to 18 U.S.C. § 924(d)(1), federal authorities seized seventeen firearms and 3,005 rounds of ammunition from the couple. The Government then initiated the present forfeiture action.

The Hutchings appeared in the forfeiture action as interested parties. Their counsel, Christopher Fortunato, filed an answer and request for return of property. On September 13, 2004, the Government filed a motion for summary judgment with an attached certificate of service. The court had scheduled a status conference for September 22, 2004; however, Mr. Fortunato failed to appear. Neither the Defendants nor the Hutchings filed a response to the Government's summary judgment motion. The district court granted the Government's unopposed motion on November 29, 2004.

This timely appeal followed.

## II.

We need not reach the merits of the Appellants' Commerce Clause claim to resolve this appeal. As a general rule, we do not consider new arguments presented for the first time on appeal. *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002) ("Issues not presented to the district court but raised for the first time on appeal are not properly before the court." (quoting *J.C. Wyckoff & Assoc., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991))). We are "not compelled to hear, nor should [we] hear, an issue not presented to the district court." *Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir. 1993).

The rule is a prudential, not jurisdictional, one. "The rule serves, among other things, to promote judicial economy." *McFarland*, 307 F.3d at 407. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Id.* (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)). There are several narrow exceptions to the general rule, including: (a) "exceptional cases or particular circumstances"; (b) "when the rule would produce a plain miscarriage of justice"; or (c) when "reaching [the] issue serves an over-arching purpose beyond that of arriving at the correct result in an individual case." *Foster*, 6 F.3d at 407-08 (internal quotations omitted). The most common exception is when an issue "is presented with sufficient clarity and completeness for the court to resolve the issue" (e.g., an issue of law). *Id.* at 407 (internal quotations omitted).

We would be hard-pressed to find a claim less developed than the one presented by the Appellants. In the proceedings below, the Appellants did not respond in any way to the Government's summary judgment motion, even though they received timely notice. The Appellants had several opportunities to respond in one way or another. They could have, of course, filed a timely response to the motion. Even when they missed the deadline, they could have sought leave of court to file a late response. Failing that, the Appellants could have moved for relief of judgment under Fed. R. Civ. P. 60(b). Rather than avail themselves of the opportunity to raise their Commerce Clause argument or any other defenses with the district court, they essentially sat on their hands and did nothing.

In their brief on appeal, the Appellants vaguely and contradictorily allude to their failure to respond to the Government's motion. They assert that their attorney had "some computer problems" which precluded them from timely responding. In the next breath, however, they state:

> Frankly, the Appellant[s] found it difficult to locate case law in [their] favor due to the draconian nature of [18 U.S.C. § 922(g)(9)] as well as the grim responses of various Courts of Appeal that have upheld District Courts that forfeited such firearms by persons who, but for one misdemeanor on their criminal record, have lost a long-cherished right: to keep and bear arms.

It is clear from this statement that their real reason for not responding to the Government's motion was not "some computer problems" of counsel (which would excuse, at most, the failure to file a *timely* response), but rather their inability to find any case law or other authority in their favor.

On appeal, the Government argues that the court need not address the merits of the Appellants' claim due to their shortcomings below. With this issue placed squarely before them, the Appellants reverted to their prior pattern – they offered no reply.

A review of their claim further confirms our decision not to reach the merits. There is nothing to suggest that this is an exceptional case or that following our general rule would result in a miscarriage of justice. Moreover, there is no over-arching purpose to be served by reaching the Commerce Clause issue, as we have addressed the issue in similar cases. *See, e.g.*, *United States v. Napier*, 233 F.3d 394 (6th Cir. 2000) (rejecting Commerce Clause challenge to 18 U.S.C. § 922(g)(1)); *United States v. Baker*, 197 F.3d 211 (6th Cir. 1999) (rejecting Commerce Clause challenge to 18 U.S.C. § 922(g)(8)).

### III.

Accordingly, for the reasons provided above, we will follow our general rule and decline to reach the merits of the Appellants' Commerce Clause claim raised for the first time on appeal. Judgment in favor of the Government is AFFIRMED.