NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0422n.06

No. 15-2215

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 27, 2016
DEBORAH S. HUNT, Clerk

BEVERLY J. EZRA, )
)
    Plaintiff-Appellant, )
)
v. )
)
DCC LITIGATION FACILITY, INC., )
)
    Defendant-Appellee. )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Before: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Beverly Ezra sued DCC Litigation—a subsidiary of Dow Corning Corporation—alleging that silicone raw materials manufactured by Dow had caused her to suffer a range of health problems. The district court eventually struck Ezra's experts and granted summary judgment to DCC. We affirm.

Beverly Ezra received silicone breast implants in 1984. Her left implant ruptured nine years later. Dow Corning filed for Chapter 11 bankruptcy in 1995, and the bankruptcy court thereafter approved an Amended Joint Plan of Reorganization. The Plan gave breast-implant claimants a choice: either receive fixed payments specified under the Plan, or litigate their individual claims against Dow's new litigation corporation—DCC Litigation. Ezra opted to litigate and sued DCC in 2010, claiming that her silicone implants caused her muscle aches, dizziness, chronic low-grade fevers, and fatigue, among other problems. In 2013, the district court granted summary judgment to DCC, holding that Ezra lacked proof of general causation

(meaning proof that exposure to silicone can cause health problems like hers as a general matter, as opposed to specific causation, which requires proof that it caused them here). We reversed, holding that Michigan law does not require proof of general causation in products-liability cases. *Ezra v. DCC Litigation Facility, Inc.*, No. 13-1491, R. 81 at PageID 4428-29.

On remand DCC again moved for summary judgment, this time arguing that the court should exclude all three of Ezra's expert witnesses, and that Ezra thus could not prove that silicone caused her injuries. The district court granted DCC's motion, holding that two of Ezra's experts had not even purported to offer any methodology for their conclusions, and that her other expert offered no conclusions at all about Ezra specifically.

We review the court's exclusion of Ezra's experts for an abuse of discretion. *See Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). Federal Rule of Evidence 702 requires, among other things, that an expert's "testimony is the product of reliable principles and methods[.]" Here, Ezra submitted expert reports from two medical doctors and a chemist whose testimony she planned to use at trial. The two doctors, Jerry Bush and Justus Fiechtner, offered no identifiable methodology in their reports; instead the doctors simply announced that Ezra's health problems were caused by her implants. *See* R. 41-3 at PageID 2264-66; R. 62-3 at PageID 3393. On appeal, Ezra likewise identifies no methodology that the doctors used to reach their conclusions. Instead, Ezra recites platitudes about the reliability of doctors' opinions generally. But there is no M.D. exception to Rule 702. The district court was correct to exclude Bush and Fiechtner's testimony.

Ezra's remaining expert is Pierre Blais, Ph.D., a chemist with long experience researching medical implants and their impacts on human tissue. R. 98-3 at PageID 5191-92. But Blais offered no opinion as to the cause of Ezra's health problems specifically; instead he

summarized the history of breast-implant design, and the problems associated with chemicals used in implants. *See* R. 98-3; R. 98-4. And Blais admitted that his expertise does not include offering diagnoses for patients. R. 61-2 at PageID 2970, 2959. Accordingly, the district court held that Blais could testify about the chemical properties of silicone gel, but not about the specific causes of Ezra's health problems. R. 113 at PageID 5821-22. Ezra now objects to this holding, but offers no coherent explanation for why an expert who offers no opinion about causation in his report should nevertheless be permitted to testify about causation at trial. The district court therefore did not abuse its discretion by limiting the scope of Blais's testimony.

Ezra also argues that the testimony of her three experts "collectively" satisfies Rule 702. But Rule 702 makes no mention of considering expert testimony collectively. *See* Fed. R. Evid. 702. Her arguments are meritless.

Ezra separately challenges the district court's grant of summary judgment, which we review de novo. *See Godawa v. Byrd*, 798 F.3d 457, 462 (6th Cir. 2015). In Michigan, plaintiffs may prove causation in toxic-substance cases by circumstantial evidence alone. *See Genna v. Jackson*, 781 N.W.2d 124, 129-30 (Mich. Ct. App. 2009). But that circumstantial evidence "must facilitate reasonable inferences of causation, not mere speculation." *Skinner v. Square D Co.*, 516 N.W.2d 475, 480 (Mich. 1994).

Here, once the district court excluded the testimony of Bush and Fiechtner, Ezra was left only with evidence that she developed medical problems sometime after she got her breast implants, and Blais's testimony that the chemicals in silicone implants can be toxic to humans. That evidence is simply too weak to support anything more than mere speculation that silicone implants caused Ezra's medical problems. Thus, the district court correctly granted DCC's motion for summary judgment.

Finally, Ezra argues that a 1996 Social Security Administration finding that Ezra's implants caused her health problems is evidence of causation here. *See* R. 101-1 at PageID 5429. But Federal Rule of Evidence 701 prohibits lay witnesses from opining on scientific or technical questions, and Ezra has not shown that the SSA employee who made this finding—an attorney—is an expert qualified to testify under Rule 702. The district court was therefore correct to exclude this evidence as well.

The district court's judgment is affirmed.