NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0594n.06

Nos. 16-2396, 16-2397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 31, 2017
DEBORAH S. HUNT, Clerk

KATHY JEAN GATZA (16-2396); PAMELA
D. SUTHERLAND (16-2397),

    **Plaintiffs-Appellants,**

v.

DCC LITIGATION FACILITY,
INCORPORATED,

    **Defendant-Appellee.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN


**OPINION**


Before: MERRITT, MOORE, and ROGERS, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Plaintiffs-Appellants Kathy Gatza and Pamela Sutherland (together, "Plaintiffs") appeal the district court's denial of their motions to amend the scheduling orders in their cases. Before the expert-disclosure deadlines passed, Plaintiffs did not disclose Dr. Arthur Brawer as an expert witness. For the reasons discussed below, we **AFFIRM** the district court's denial of the motions to amend the scheduling orders. Gatza also appeals the district court's decision to grant Defendant-Appellee DCC Litigation Facility, Inc.'s ("DCC") motion for summary judgment because Wisconsin's statute of limitations bars her claims. We do not address Gatza's argument in this regard because, without an opportunity to amend the scheduling order, Gatza cannot prove causation, and so the limitations issue is moot.

## I. BACKGROUND

Dow Corning Corporation ("Dow") was the leading manufacturer of silicone-breast implants. *Lindsey v. O'Brien (In re Dow Corning Corp.)*, 86 F.3d 482, 485 (6th Cir. 1996). Then, in the early 1990s, thousands of implant recipients began to file actions alleging that Dow's silicone-breast implants caused health problems. *Sutherland v. DCC Litig. Facility, Inc. (In re Dow Corning Corp.)*, 778 F.3d 545, 547 (6th Cir. 2015). Eventually, in the Northern District of Alabama, a class-settlement agreement was reached. *Id.* at 547–48. Roughly 440,000 individuals agreed with this settlement, but thousands of individuals opted out. *Lindsey*, 86 F.3d at 485–86.

Because this was "one of the world's largest mass tort litigations," Dow filed for reorganization under the Bankruptcy Code in the Eastern District of Michigan. *Id.* at 486. Dow's filing stayed all related actions. *Id.* Additionally, the Eastern District of Michigan received all of the actions connected to the bankruptcy proceeding. *Sutherland*, 778 F.3d at 548.

The bankruptcy court authorized an "Amended Joint Plan of Reorganization." *Ezra v. DCC Litig. Facility, Inc.*, 667 F. App'x 538, 538–39 (6th Cir. 2016). Under this plan, a plaintiff could litigate individual claims against DCC, Dow's litigation corporation, or accept payments under the plan. *Id.* at 539. Both Gatza and Sutherland chose to litigate their claims. No. I:05-cv-30276-DPH R. 1 (Notice of Intent to Litigate) (Page ID #1) (Sutherland); No. I:05-cv-30496-DPH R. 1 (Notice of Intent to Litigate) (Page ID #1) (Gatza).

In Gatza's action, the district court examined several relevant motions. First, the district court denied Gatza's request to extend the expert-disclosure deadline. No. I:5-cv-30496 DPH R.

167 (Order at 3–7) (Page ID #6829–33). Next, the district court granted DCC's motion to exclude the opinions of Dr. Pierre Blais, Dr. Jerry Bush, and Dr. Justus Fiechtner. *Id.* at 20 (Page ID #6846). Lastly, the district court granted DCC's renewed motion for summary judgment because, without an expert, Gatza could not prove causation, and also because Wisconsin's statute of limitations bars Gatza's claims. *Id.* at 24, 26 (Page ID #6850, 6852). Gatza now appeals two aspects of the district court's order: its decision (1) to deny Gatza's request to extend the expert-disclosure deadline and (2) to grant DCC's summary-judgment motion on the ground that Wisconsin's statute of limitations bars Gatza's claims. No. 16-2396 Appellant's Br. at 19–21.

The district court examined similar motions in Sutherland's action. I:5-cv-30276-DPH R. 119 (Order) (Page ID #6264). First, Sutherland requested to amend the expert-disclosure deadline, which the district court denied. *Id.* at 8 (Page ID #6271). Next, the district court granted DCC's motion to exclude the testimony of Sutherland's three causation experts, Blais, Bush, and Fiechtner. *Id.* at 21 (Page ID #6284). Lastly, the district court granted DCC's motion for summary judgment because (1) Sutherland could not receive punitive damages and (2) she could not prove causation without expert testimony. *Id.* at 24, 26 (Page ID #6287, 6289). Sutherland appeals only the district court's decision not to amend the expert-disclosure deadline. No. 16-2397 Appellant's Br. at 16.

## II. DISCUSSION

Plaintiffs raise two arguments on appeal. First, Plaintiffs assert that they have shown "good cause" to amend the scheduling orders under Federal Rule of Civil Procedure 16(b)(4).

Second, they argue that failing to disclose Brawer by the expert-disclosure deadlines is "harmless" under Federal Rule of Civil Procedure 37(c)(1). We consider each of these arguments in turn.

## A. Standard of Review

We examine a district court's decision to amend a scheduling order for abuse of discretion. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). The same standard applies to reviewing a district court's decision to issue sanctions for failing to disclose a witness. *See Baker Hughes Inc. v. S&S Chem., LLC*, 836 F.3d 554, 560 (6th Cir. 2016).

## B. Rule 16(b)(4)

A party must disclose his or her expert witnesses by the scheduling-order deadline. Fed. R. Civ. P. 26(a)(2)(D). If the party cannot meet that deadline, he or she can move to amend the scheduling order. Fed. R. Civ. P. 16(b)(4). When considering a motion to amend, a district court will examine (1) whether the moving party has shown "good cause," *id.*, and (2) whether the modification will cause the opposing party to experience possible prejudice, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

To show good cause, a moving party can demonstrate that he or she diligently attempted to meet the original deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). For this issue, there are five factors to consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse

4

party was responsive to . . . discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (omission in original) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The central question among these factors is whether a party acted diligently. *Dowling*, 593 F.3d at 478.

In Gatza's action, the district court did not abuse its discretion by finding that she had not proven "good cause." When examining the facts, the district court focused on Gatza's ability to comply with the expert-disclosure deadline:

> Gatza admits on remand that her former counsel was able to meet the original deadline by timely designating her experts. Gatza therefore cannot meet the *Leary* standard because her counsel was able to meet the original deadline. As to Gatza's citations of articles published after the discovery deadline of 2012, Gatza has not shown that her proposed expert relied on these articles for his conclusion. Gatza has failed to show that Dr. Brawer was not available or identifiable prior to the expert deadline issued by the Court. Gatza has not shown that Dr. Brawer was not a known expert at the time the Court issued its expert deadline.

I:05-cv-30496-DPH R. 167 (Order at 6–7) (Page ID #6832–33). Based on these facts, the district court found that Gatza had not been diligent, *id.*, and Gatza does not argue that these facts are inaccurate, 16-2396 Appellant's Br. at 35–37. Therefore, the district court did not abuse its discretion.[1]

For similar reasons, the district court did not abuse its discretion when it found that Sutherland had not shown "good cause." When applying the law, the district court examined whether Sutherland could have disclosed Brawer as an expert before the deadline:

---

[1]A few days prior to oral argument, Plaintiffs moved that we take judicial notice regarding an article that Brawer published in an October 2017 medical journal. We deny this request because the district court did not have an opportunity to review this article.

Sutherland admits on remand that her former counsel was able to meet the original deadline by timely designating her experts. Sutherland cannot meet the *Leary* standard because her former counsel was able to comply with the original deadline. As to Sutherland's citations of articles published after the discovery deadline of 2012, Sutherland has not shown that her proposed expert relied on these articles for his conclusion. Sutherland's proposed expert, Dr. Brawer, has admitted that the case reports as shown in these articles, are not accepted as proof of a cause and effect relationship between exposure to a substance and disease. (Doc. No. 111, Ex. 7, *Brown v. Bristol-Meyers Squibb*, Case No. 93-10917) Sutherland has also failed to show that Dr. Brawer was not available or identifiable prior to the original expert deadline issued by the Court. The Litigation Facility's exhibit to its response shows that Dr. Brawer was designated as an expert at prior breast implant cases as early as 1993. *Id.*; *see also, Tyson v. Minnesota Mining & Manufacturing Co.*, Case No. 55915-2 T.D. (TN Cir. Ct., Shelby Ct., Oct. 18, 1996) Any proposed expert testimony by Dr. Brawer will not be different than his prior testimony in other breast implant cases. Sutherland has not shown that Dr. Brawer was not a known expert at the time the Court issued its original expert deadline.

I:05-cv-30276-DPH R. 119 (Order at 6–7) (Page ID #6269–70). This reasoning demonstrates that the district court did not rely on clearly erroneous findings of fact. Therefore, the district court did not abuse its discretion when it found that Sutherland had not been diligent.

In summary, for both actions, the district court did not abuse its discretion in finding that Plaintiffs did not demonstrate good cause to amend the scheduling order, so we do not need to examine whether an amended scheduling order would prejudice DCC.

## C. Rule 37(c)(1)

We have stated "that an argument not raised before the district court is waived on appeal to this Court," and we "rarely" stray from that rule. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). However, if a case is exceptional or if the application of the rule would create a "plain miscarriage of justice," we might depart from this general rule. *Id.* (quoting

*Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)).  Because Plaintiffs raised their argument regarding Rule 37(c)(1) for the first time on appeal and the issue is not novel, we decline to address it.  No. I:05-cv-30276-DPH R. 97 (Mot. at 7–12) (Page ID #4801–06) (discussing "good cause" and "prejudice," but not "harmless" or Rule 37(c)(1)); No. I:05-cv-30276-DPH R. 102 (Suppl. Br. at 5–11) (Page ID #4832–38) (same); No. I:05-cv-30496-DHP R. 149 (Mot. at 9–13) (Page ID #6073–77) (same); No. I:05-cv-30496-DHP R. 157 (Reply at 5–10) (Page ID #6480–85) (same).

### III.  CONCLUSION

We **AFFIRM** the district court's judgments based on its denial of Plaintiffs' motions to amend the scheduling orders because (1) the district court did not abuse its discretion by finding that Plaintiffs have not demonstrated good cause and (2) Plaintiffs forfeited their argument regarding Rule 37(c)(1).